Lois Ferretti, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs May 10, 1985, to Judges MAC-PHAIL and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Edward Van Stevenson, Jr.,* for petitioner.

*Myra W. Sacks,* Assistant Counsel, for respondent.

OPINION BY JUDGE COLINS, August 8, 1985:

Lois Ferretti (petitioner) is appealing a Department of Public Welfare (DPW) order which denied her appeal from a decision of the Bureau of Blindness and Visual Services (BVS). BVS terminated petitioner's clothing and maintenance allowances and reduced the transportation allowances she was receiving while attending vocational training courses.

Petitioner was approved by BVS for vocational rehabilitation assistance on August 25, 1980. Her vocational goal was nursing administration, for which BVS, through an individual written rehabilitation plan (IWRP), sponsored her attendance at Duquesne University. An IWRP includes reimbursement for expenses incurred in reaching a vocational goal. Petitioner's IWRP consisted of reimbursement by BVS of $100 per semester for clothing, $225 per semester for personal maintenance and $2.40 per day for transportation.

Effective July 1, 1982, however, BVS adopted cost containment measures because of decreased Federal funding, and on June 21, 1982, BVS notified petitioner that they would no longer pay for clothing or personal maintenance. On July 28, 1982, BVS informed petitioner that instead of paying a bus fare of $2.40 per day, they would pay for a monthly bus pass plus a daily deposit fare.

On appeal, petitioner's primary contention is that her August, 1980 IWRP with BVS constituted a binding four year contract to pay clothing, maintenance

and transportation costs, with the condition that she maintain a passing (C) grade average. Petitioner claims that she fulfilled her responsibilities under this "contract" and BVS is, therefore, obligated to comply with the original IWRP terms. We disagree.

As a program funded jointly by federal and state governments, BVS must comply with both federal and state regulations. Neither the federal nor the state system treats the IWRP as a contractual agreement which binds the state or the vocational rehabilitation client.

The creation of an IWRP is expressly mandated by federal statute and regulation.[1] Appropriate federal regulations require state programs to assure periodic updating[2] and review of IWRP's "as often as necessary."[3] Furthermore, various sections of the federally promulgated Rehabilitation Services Manual (Manual) specifically provide for amendment and change of IWRP's. Section 1507.04 of the Manual states that additions to and amendments of initial individualized programs should be made "as and when indicated." Section 1507.07(B) of the Manual provides that the terms and conditions of such programs should be subject to change as a result of changing conditions, and Section 1507.11 recognizes that an IWRP is "by its nature . . . subject to continuous development and change. . . ." As this Section further states, this is so even though "[s]ome changes are beyond the control of either the counselor or the client."

Federal regulation also requires the administering state agency to establish written policies covering the

---

[1] Rehabilitation Act of 1973, 29 U.S.C. §§101(a)(9), 102; 34 C.F.R. §§361.40, 361.41, 361.42.

[2] 34 C.F.R. §361.40(a).

[3] 34 C.F.R. §361.40(c).

scope, nature, conditions and procedures under which each agency service is provided.[4] The Pennsylvania Department of Public Welfare's Office for the Blind Manual, Section 1440.1, which governs BVS services, specifically provides for rehabilitation plan updating and amendment in the case of unforeseen difficulties arising as a plan progresses.

Both federal and state regulations clearly support the view that IWRP's created between a state agency such as BVS and an individual, are meant to be fluid and subject to review and change. Nowhere, among the federal or state regulations, is an individualized written rehabilitation program described as anything but a forward-looking plan subject to the possibility of periodic change.

There is no evidence on the record that BVS abused its discretion or violated any federal or state regulations by amending petitioner's IWRP. The purpose of an IWRP, whether amended, or not, is to assist an individual in reaching a vocational goal. There is no evidence before this Court that due to subsequent changes of petitioner's IWRP, she cannot now reach her goal. In a situation such as this, therefore, it is not a court's province to ''second-guess state officials charged with the difficult responsibility of allocating limited public welfare funds among the myriad of potential recipients.'' *Dandridge v. Williams*, 397 U.S. 471, 481 (1970).

For the reasons stated above, the order of the DPW is affirmed.

ORDER

AND Now, August 8, 1985, the order of the Department of Public Welfare, dated January 6, 1983, is hereby affirmed.

---

[4] 34 C.F.R. §361.42.