■ FRANZ S. LEICHTER, Appellant, v J. ROGER BARBER, as Commissioner of Agriculture and Markets, et al., Constituting the New York State Job Incentive Board, Respondents.—Casey, J. Appeal from an order and judgment of the Supreme Court at Special Term (Torraca, J.), entered July 30, 1984 in Albany County, which, *inter alia,* granted defendants' cross motion for partial summary judgment dismissing the first three causes of action in the complaint.

Assuming without deciding that plaintiff's action is not procedurally deficient as claimed in the alternative by defendants, we agree with Special Term that, on the merits, defendants are entitled to summary judgment.

Plaintiff seeks declaratory and injunctive relief concerning certain procedures employed by the former New York State Job Incentive Board (Board) in determining eligibility for tax credits against the payment of corporate franchise taxes. The Board was created in 1968 in response to unemployment and a general decline in business in New York (L 1968, ch 1054). The Board was empowered to determine whether business facilities were eligible for tax incentives offered in exchange for the creation of new jobs and/or the retention of existing but imperiled jobs. During the next decade, the Legislature expanded the program, both geographically and in terms of the types of businesses eligible to participate *(see,* L 1970, chs 938, 939; L 1978, ch 642).* During the period 1977 to 1981, the Board developed and used a guideline based upon the recognition that existing businesses which expanded or improved their outmoded facilities through significant investment had made a long-term commitment to the State. Thus, in computing the number of jobs retained, the Board adopted a policy that "where there is an expansion of a business either through relocation or at present location and there is a 25% or more increase in the work force or space, we will consider the increase as jobs created and the remainder entirely as jobs retained". Plaintiff claims that this guideline or policy constitutes a rule or regulation, which concededly was not formally

---

* The Board was abolished in 1983 with its functions transferred primarily to the Department of Taxation and Finance (L 1983, ch 15, §§ 57, 134).

promulgated in accordance with the State Administrative Procedure Act and the State Constitution. He therefore seeks a declaration that the Board's use of the policy resulted in illegal and unconstitutional disbursements of State funds and that all Board determinations of eligibility based upon the guideline are void.

As recently stated by the Court of Appeals "only a fixed, general principle to be applied by an administrative agency without regard to other facts and circumstances relevant to the regulatory scheme of the statute it administers constitutes a rule or regulation" which must be formally promulgated *(Matter of Roman Catholic Diocese v New York State Dept. of Health,* 66 NY2d 948, 951). In our view, the 25% guideline employed by the Board herein was no more a rule or regulation than was the 50% guideline used by the Department of Health in *Matter of Roman Catholic Diocese v New York State Dept. of Health (supra).* Rather, the guideline appears to have been an interpretive statement which in itself had no legal effect, but was merely explanatory *(see,* State Administrative Procedure Act § 102 [2] [b] [iv]). The policy was drafted largely in response to staff requests for guidelines to aid them in giving advice and assistance to applicants. The Board acted at a time when it was seeking to cope with the Legislature's expansion of the program and the resulting increase in applications. While the guideline may have been developed during a period when the Board was attempting to establish a set of fixed, objective criteria to be determinative in each case, it is clear that during this period the Board did not consider the policy either fixed or determinative. Questions as to whether the guideline was appropriate or whether it should be modified to some extent were raised at a number of Board meetings, and job retention was found by the Board in several cases of expansion where the 25% guideline had not been met. When the Board completed the process of developing rigid, determinative standards in the fall of 1981, it formally promulgated rules and regulations.

Our review of the record establishes that as to each of the three causes of action that are the subject of the parties' summary judgment motions, plaintiff does not have a cause of action. In the circumstances presented herein, we see no need to declare the rights of the parties. Special Term's order and judgment, therefore, should be affirmed.

Order and judgment affirmed, without costs. Kane, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.