In the Matter of METROPOLITAN LIFE INSURANCE COMPANY, Appellant, v OFFICE OF THE STATE COMPTROLLER, Respondent.

Third Department, November 13, 1986

### APPEARANCES OF COUNSEL

*William J. Toppeta (Nancy I. Mayer* of counsel), for appellant.

*Robert Abrams, Attorney-General (Lew A. Millenbach* and *William J. Kogan* of counsel), for respondent.

### OPINION OF THE COURT

CASEY, J.

At issue on this appeal is whether the interest, which insurers must compute on the unpaid proceeds of a life insurance policy, annuity contract or endowment contract pursuant to Insurance Law § 3214 (c), was properly deemed abandoned property by respondent under Abandoned Property Law § 700 (1) (a) and (c), which refer to "[a]ny moneys held or owing by any life insurance corporation" in connection with life insurance proceeds or matured endowments which have remained unclaimed for a period of three years. We hold that respondent's interpretation of the statute should not be disturbed and that Special Term's judgment must be affirmed.

The parties appear to be in agreement that the statutory language of Abandoned Property Law § 700 (1) (a) and (c) is clear and unambiguous and that, therefore, the statute must be construed according to the plain meaning of its terms. Despite having started with this premise, however, the parties propound conflicting interpretations of the statute. Such a result suggests that while the terms of the statute standing alone may be clear and unequivocal, the statutory framework as a whole is not free from ambiguity. As the Court of Appeals has cautioned, "In the interpretation of statutes the '[a]bsence of facial ambiguity is * * * rarely, if ever, conclusive' " *(Zappone v Home Ins. Co.,* 55 NY2d 131, 137, quoting *New York State Bankers Assn. v Albright,* 38 NY2d 430, 436).

Respondent contends that the references in Abandoned Property Law § 700 (1) (a) and (c) to "[a]ny moneys held or owing" are sufficiently broad to include not only the unpaid principal, but also the interest which must be computed pursuant to Insurance Law § 3214 (c). Petitioner counters by pointing out that the statutory provisions at issue contain no specific reference to interest, while other provisions of the Abandoned Property Law do contain such references *(e.g., Abandoned Property Law § 600 [1] [a]; § 1000 [1])*. The force of petitioner's argument, however, is diluted by the relevant legislative history. Since the interest requirement was not enacted until 1975 (L 1975, ch 812), there was no reason for the Legislature to include a specific reference to interest when it enacted Abandoned Property Law § 700 (1) (a) and (c) in 1943 (L 1943, ch 697). Thus, the specific inclusion of interest in some provisions of the Abandoned Property Law and its omission from the provisions at issue cannot be viewed as contemporaneous legislative acts from which a conclusive inference of legislative intent can be drawn. Nor do we attach any significance to the Legislature's failure to amend the statutory provisions at issue when Insurance Law § 3214 (c) was added. Petitioner urges that the Legislature's failure to amend Abandoned Property Law § 700 (1) (a) and (c) to include specific references to interest means that interest was not intended to be included. However, even if the Legislature had amended the statute to include specific references to interest, that action alone would not conclusively establish that the unamended statutory language was not sufficiently broad to include interest, for the amendment could be viewed as merely a "legislative amplification of its previous intent" *(Matter of Eastern Milk Producers Coop. Assn. v State of New York Dept. of Agric. & Mkts.,* 58 NY2d 1097, 1101). It follows, then, that the Legislature's failure to amend can be viewed as reflecting its intent that the statutory language was already sufficiently broad to include interest. Where such contradictory inferences can be drawn from legislative inaction, the more realistic course is to decline to draw an inference of legislative intent either way from the failure to act *(Matter of New York Public Interest Research Group v New York State Dept. of Ins.,* 66 NY2d 444, 451).

At best, petitioner's arguments establish that the statutory provisions at issue are ambiguous. To resolve the ambiguity we need look no further than Abandoned Property Law § 102, for "[i]t is fundamental that a statute must be read with the

legislative goal in mind, so that controversies generated by ambiguities or gaps in the law may be resolved in accordance with the legislative scheme" *(Matter of Pell v Coveney,* 37 NY2d 494, 496). Abandoned Property Law § 102 provides, "It is hereby declared to be the policy of the state, while protecting the interest of the owners thereof, to utilize escheated lands and unclaimed property for the benefit of all the people of the state, and this chapter shall be liberally construed to accomplish such purpose." Respondent's interpretation is clearly in accord with this stated legislative goal.

Next, petitioner contends that respondent has erroneously applied the interest requirement retroactively by seeking interest on payments due based upon "triggering events" (deaths or the maturing of endowments) which occurred prior to the effective date of Insurance Law § 3214 (c). We find no retroactive application here. Respondent has required only that interest be paid from September 1, 1975, the effective date of Insurance Law § 3214 (c), a purely prospective application of the statute, and the involvement of antecedent "triggering events" does not alter that conclusion *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 51 [a]).

We reject petitioner's contention that respondent has engaged in improper rule making. Rather, respondent published an interpretive statement which in itself had no legal effect but was merely explanatory *(see,* State Administrative Procedure Act § 102 [2] [b] [iv]; *Leichter v Barber,* 120 AD2d 776). Nor do we see any abuse of discretion in respondent's decision not to waive the assessment of penalty interest.

MAHONEY, P. J., KANE, WEISS and LEVINE, JJ., concur.

Judgment affirmed, without costs.