■ In the Matter of DEBI E. FOGEL, Appellant, v CESAR A.

PERALES, as Commissioner of Social Services of the State of New York, Respondent.—Casey, J. Appeal from a judgment of the Supreme Court (Prior, Jr., J.), entered March 24, 1986 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for full funding of her law school tuition.

Petitioner is a recipient of vocational rehabilitation services pursuant to the Federal Rehabilitation Act of 1973, as amended (29 USC § 701 *et seq.*). The State Commission for the Blind and Visually Handicapped (hereinafter Commission), a part of the Department of Social Services, is the State agency responsible for administering the relevant program. As required by Federal regulation, petitioner and her vocational rehabilitation counselor developed an "individual written rehabilitation plan" (IWRP) outlining petitioner's goals and the steps to reach those goals. Petitioner's IWRP listed the practice of law as her vocational goal, with four years of college and three years of law school as necessary steps to reach this goal. No particular level of funding was specified in the IWRP, but petitioner was advised by her counselor that tuition would be fully funded.

Petitioner completed her undergraduate education at Queens College, where her tuition apparently was paid in full by the Commission pursuant to its college tuition policy, and she was accepted for the fall of 1984 at Cardozo Law School, where the annual tuition was $7,950. The Commission revised its tuition-funding policy, setting a limit of $2,000 per academic year beginning September 1984. Petitioner requested full tuition funding for law school as promised by her counselor. When her request was denied, petitioner pursued available administrative remedies, including a hearing, but was unsuccessful. She then commenced this CPLR article 78 proceeding to review the final determination, raising a number of issues, including one based upon lack of substantial evidence. After her attorney withdrew the substantial evidence claim, Supreme Court ruled on the remaining issues and dismissed the petition, resulting in this appeal.

Petitioner argues that full funding of her law school tuition was a required vocational rehabilitation service under the Federal Rehabilitation Act, which could not be restricted by a blanket ruling limiting the maximum tuition allowance. Respondent contends that the tuition limitation was adopted due to limits in the Federal funding received by the Commission and that it was a reasonable solution to the problem of

insufficient funds to provide all eligible clients with full tuition. We find no merit in petitioner's argument.

Assuming that law school became a required vocational service as a result of the vocational goal agreed upon in petitioner's IWRP, it does not follow that full tuition funding at the law school of petitioner's choice is also required. While it has been held that a State agency cannot adopt a blanket policy which denies a service specifically required by the Federal Rehabilitation Act *(see, Schornstein v New Jersey Div. of Vocational Rehabilitation Servs.,* 519 F Supp 773, *affd without opn* 688 F2d 824), the courts have also recognized that fiscal restraints caused by Federal funding cuts may require State officials to adopt cost containment measures in providing required services *(Ferretti v Commonwealth of Pa. Dept. of Pub. Welfare,* 91 Pa Commw 16, 496 A2d 437). We find it significant that petitioner offered no proof that the tuition-funding cap has prevented her from attending law school or hindered her achievement of the vocational goal agreed upon in her IWRP. We conclude, therefore, that the tuition-funding limitation does not violate the Federal Rehabilitation Act.

Petitioner also claims that, based upon her vocational counselor's oral assurance of full tuition funding, the Commission is estopped from providing her with less than full tuition; there is no merit in this claim *(see, Matter of Daleview Nursing Home v Axelrod,* 62 NY2d 30; *Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88). In any event, there is no proof of detrimental reliance by petitioner. Next, petitioner claims that the Commission's tuition limitation is invalid since it was not a duly promulgated rule or regulation *(see, Long Is. Coll. Hosp. v Whalen,* 68 AD2d 274), but again we disagree. While the tuition limitation is a blanket policy applicable to all recipients, it is not a fixed, general principle to be applied without regard to other relevant facts and circumstances *(see, Matter of Roman Catholic Diocese v New York State Dept. of Health,* 66 NY2d 948). The tuition cap is, in our view, a flexible guideline, based largely upon the public funding available to the Commission during a particular period of time. Thus, it does not constitute a rule or regulation *(see, supra; Leichter v Barber,* 120 AD2d 776).

Petitioner's remaining contentions have not been preserved for our review and, therefore, the judgment should be affirmed.

Judgment affirmed, without costs. Main, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.