■ 1759 PHARMACY INC., Appellant, v CESAR PERALES, as Commissioner of Social Services of the State of New York, et al., Respondents.—Order of the Supreme Court, New York County (Alfred Toker, J.), entered May 22, 1991, which denied petitioner's application for a declaration that 18 NYCCR 504.5 (a) (14) was void and to enjoin respondents from denying petitioner enrollment as a Medicaid provider, and dismissing

the CPLR article 78 proceeding, unanimously affirmed, without costs.

Petitioner 1759 Pharmacy Inc., a licensed New York corporation, applied to respondent New York State Department of Social Services (DSS) for enrollment as a Medicaid provider. DSS denied the application in a letter that stated in part: "We have reviewed your application, background and qualifications, as well as the current availability of similar services in your zip code. We have determined that there are an adequate number of enrolled providers in your proposed category of service in that area. We have also determined that there are no unmet needs for those Medical Assistance recipients for whom you would provide these services. Inasmuch as we have made this determination, we are denying your application pursuant to 18 NYCRR 504.5 (a) (14)."

Under 18 NYCRR 504.5 (a) (14), the DSS has wide discretion in adopting policies to carry out its legislative mandate to effectively administer the Medicaid program (see, Matter of Bezar v New York State Dept. of Social Servs., 151 AD2d 44, 49). For economic reasons, DSS must limit the number of providers so that they may be effectively monitored for fraud and the quality of service provided. At the time of the denial of petitioner's application to be enrolled as a provider there were 20 pharmacy providers in the zip code area covering petitioner's business. Since this figure is more than double the city-wide average of 9.4 per zip code location, the denial of petitioner's application was rationally based. We find the Department's utilization of zip code distinctions to be rationally related to the provision of such services to communities. There has been no showing here that the needs of recipients are not being met in the postal zone that includes petitioner's business. Concur—Murphy, P. J., Carro, Milonas, Ellerin and Kupferman, JJ.