■ In the Matter of EMMA HENN, Appellant, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated March 16, 1989, which, after a hearing, affirmed a denial of medical assistance benefits by the Commissioner of the Suffolk County Department of Social Services, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered May 2, 1990, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

In order to qualify for medical assistance to obtain in-home nursing care pursuant to Social Services Law § 366, the petitioner, in reliance on interim guidelines issued by the Com-

missioner of the New York State Department of Social Services on or about September 15, 1988, transferred $20,000 to her son and daughter-in-law without consideration. The interim guidelines precluded imposing penalties for the transfer of assets by persons residing in the community and receiving out-patient care or home care. While the petitioner's application was pending, the respondent Commissioner of the New York State Department of Social Services "rescinded" the September 15, 1988, interim guidelines in a "Local Commissioners' Memorandum" dated November 15, 1988, and instructed local agencies to re-implement the former transfer-of-assets rule as specified in Social Services Law § 366 (5). Subsequently, the petitioner's application was denied pursuant to Social Services Law § 366 (5). Contrary to the petitioner's contention, we find that she was not entitled to rely on the interim guidelines.

The rules and regulations of an administrative agency, duly promulgated, are binding upon the agency as well as upon any other person who might be affected (see, Matter of Frick v Bahou, 56 NY2d 777, 778; Matter of Epstein v Valenti, 97 AD2d 881, 882; Matter of Lehman v Board of Educ., 82 AD2d 832, 834). Whether or not administrative action constitutes a rule or regulation depends on whether the action is a "fixed, general principle to be applied by an administrative agency without regard to other facts and circumstances relevant to the regulatory scheme of the statute it administers" (Matter of Roman Catholic Diocese v New York State Dept. of Health, 66 NY2d 948, 951; Matter of Sheehan v Ambach, 136 AD2d 25, 29; Leichter v Barber, 120 AD2d 776, 777), or, rather, an interpretive statement which in itself has no legal effect, but is merely explanatory and advisory (see, State Administrative Procedure Act § 102 [2] [b] [iv]). In the instant case, the interim guidelines, by their very terms, were explanatory and advisory, to be followed under appropriate conditions and to be considered only in the interim, pending future action by the State Legislature. While the interim guidelines may have been developed during a period when the Commissioner was attempting to establish a set of fixed, objective criteria in conformity with new Federal legislation, it is clear that, during this period, the Commissioner did not consider the interim policy either fixed or determinative. We conclude, therefore, that the interim guidelines were not rules, that the agency was not bound by them, and that the petitioner was not entitled to rely on them.

We have examined the petitioner's remaining contentions

and find them to be without merit. Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.