■ In the Matter of Ex-L AMBULETTE, INC., et al., Respondents, et al., Petitioners, v COMMISSIONER OF NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Appellants. [702 NYS2d 327] —In a proceeding pursuant to CPLR article 78 to review four determinations of the New York State Department of Health dated January 7, 1997, February 19, 1997, February 19, 1997, and August 6, 1997, respectively, and a determination of the New York State Department of Social Services, dated February 19, 1997, which denied the applications of the petitioners Ex-L Ambulette, Inc., Triple M Medical Ambulette, Inc., Triangle Transportation, Ltd., Atlantic Ambulette Service Corp., and Yves Fenelon, d/b/a Fen Ambulette, to be enrolled as Medicaid ambulette providers, the appeal is from a judgment of the Supreme Court, Kings County (Greenstein, J.), dated July 17, 1998, which granted the petition insofar as asserted by those petitioners.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

The petitioners involved in this appeal (hereinafter the petitioners) commenced this proceeding to review determinations of the New York State Department of Social Services (hereinafter the DSS) and the New York State Department of Health (hereinafter the DOH), which denied their applications to be enrolled as providers of van services in the Medicaid program and to compel the DSS and the DOH to make new determinations without relying upon the so-called "density/ saturation policy" employed in the challenged determinations. The denials were based upon a policy adopted in April 1996 which was premised upon findings by the DSS and the DOH that an adequate number of such providers existed and that there were no unmet needs among the population utilizing van services.

The petitioners contend that this "density/saturation policy", as implemented, constitutes a rule under State Administrative Procedure Act article 2. As such, they argue that the DSS and the DOH did not properly comply with the requirements for enactment of a rule, which provide that an agency must file for publication of a new rule in the State Register, in order to give the public notice and an opportunity to be heard (*see,* State Administrative Procedure Act § 202). We disagree.

Whether an administrative action constitutes a rule depends upon whether the action is a "fixed, general principle to be applied by an administrative agency without regard to other facts and circumstances relevant to the regulatory scheme of the statute it administers" (*Matter of Roman Catholic Diocese v New York State Dept. of Health,* 66 NY2d 948, 951; *see, Matter of Henn v Perales,* 186 AD2d 740, 741; *Matter of Sheehan v Ambach,* 136 AD2d 25, 29; *Leichter v Barber,* 120 AD2d 776, 777).

There is no evidence to support the Supreme Court's conclusion that the DSS and the DOH applied a strict "across the board" numerical limit of ambulette providers. To the contrary, the record demonstrates that the DSS and the DOH reviewed each application individually to determine whether there were any unmet needs in the marketing area of the five boroughs of New York City. Accordingly, the Supreme Court erred in finding that the "density/saturation policy" was a rule which needed to be filed in the State Register.

While the Supreme Court did not reach the issue, the petitioners contend that even if the "density/saturation policy" was not a rule, the application by DSS and DOH of the policy was arbitrary and capricious. The DSS and the DOH are given broad discretion to limit the number of Medicaid providers (*see,* 18 NYCRR 504.4 [e] [2]; 504.5 [a] [14]; *Matter of Roggemann v Bane,* 223 AD2d 854; *1759 Pharmacy v Perales,* 183 AD2d 453; *Matter of Bezar v New York State Dept. of Social Servs.,* 151 AD2d 44) and we find no basis to disturb the appellants' determination (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-231; *Matter of Colton v Berman,* 21 NY2d 322, 329; *Matter of 4M Holding Co. v Town Bd.,* 185 AD2d 317, *affd* 81 NY2d 1053).

Finally, the Supreme Court erred in determining that the petitioners had a "reasonable expectation of enrollment" or a property interest (*see, Schaubman v Blum,* 49 NY2d 375, 380; *Winyard v Perales,* 161 AD2d 317, 319; *Matter of Bezar v New York State Dept. of Social Servs.,* 151 AD2d 44, 49, *supra*; *Schwartzberg v Whalen,* 66 AD2d 881, 882). Krausman, J. P., McGinity, Feuerstein and Smith, JJ., concur.