In the Matter of MOBILE DIAGNOSTIC TESTING SERVICES, INC., Respondent-Appellant, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Appellants-Respondents. [706 NYS2d 560] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Supreme Court erred in granting the petition seeking reimbursement of Medicare Part B cost-sharing amounts from Medicaid for services rendered by petitioner under the Medicare "buy-in" program. Petitioner is a Medicare provider of portable X-ray and diagnostic services. By letters of enrollment dated February 18, 1997 and May 5, 1997, petitioner was approved as a Medicaid provider with respect to "category of service 0140" only. That special category of service permits petitioner, as a Medicare provider, to submit claims to Medicaid for Medicare Part B cost-sharing amounts for portable X-ray services rendered to "qualified Medicare beneficiaries" under the Medicare "buy-in" program. Petitioner is not fully approved as a Medicaid provider of portable X-ray services because it does not comply with the requirements of 18 NYCRR 505.17 (d) and (f) (2), which are stricter than applicable Medicare regulations (see, 42 CFR 410.32 [a] [1], [2]).

Under the "buy-in program", Medicaid dollars are used by the State to purchase Medicare Part B coverage for persons dually eligible for Medicare and Medicaid and for persons who are "qualified Medicare beneficiaries", i.e., persons who are eligible for Medicare but not so needy that they qualify for Medicaid (see, Matter of Senior Life Mgt. v Dowling, 225 AD2d 224, 225-226). Because of the complexities of the Medicaid regulations, a person may be dually eligible for Medicare and Medicaid but not be a "qualified Medicare beneficiary". For example, although Medicare recipients may spend down to become eligible for Medicaid, they may not spend down to become "qualified Medicare beneficiaries" (see, State Medicaid Manual § 3490.3). According to statistics of the New York State Office of Medicaid Management, approximately 40% of dual-eligibles in this State are not "qualified Medicare beneficiaries".

Medicaid funds are used to pay the Medicare Part B cost-sharing amounts of "qualified Medicare beneficiaries" even if the Medicare service provided is not included in the Medicaid program (see, 42 USC § 1396a [a] [10] [E] [i]; § 1396d [p] [3]; 18

NYCRR 360-7.7 [a] [1]). Medicaid funds, however, are used to pay such amounts for dual-eligibles who are not "qualified Medicare beneficiaries" only if the Medicare service is included in the Medicaid program (see, 18 NYCRR 360-7.7 [b]; see also, 42 CFR 431.625 [c]).

Upon being enrolled in the Medicaid program and in accordance with the time periods set forth in the letters of enrollment, petitioner submitted claims for services rendered since February 12, 1996. Many of those claims were denied on the ground that the services were rendered outside the scope of petitioner's enrollment. Petitioner was notified of those denials by remittance statements dated May 23, 1997 and June 27, 1997, and entered into discussions with respondents regarding them. Those discussions culminated in a meeting on October 10, 1997 that did not resolve the dispute, and this litigation ensued in December 1997.

Respondents contend that, because petitioner's enrollment in Medicaid is limited, petitioner is not entitled to payment of Medicare Part B cost-sharing amounts for portable X-ray services rendered to dual-eligibles who are not "qualified Medicare beneficiaries", nor is it entitled to payment for diagnostic services. We agree. Because those services were outside the scope of petitioner's enrollment, petitioner may not bill Medicaid for them (see, 18 NYCRR 504.6 [d]).

We reject the contention of petitioner that Federal law does not permit respondents to draw any distinction between dual-eligibles and "qualified Medicare beneficiaries" with respect to covered services. 42 CFR 431.625 (c) (1) provides that the State's "payment of Part B premiums on behalf of a Medicaid recipient does not obligate it to pay on the recipient's behalf the Part B [cost-sharing] * * * amounts for those Medicare Part B services not covered in the Medicaid State plan." Thus, the State has adopted 18 NYCRR 360-7.7 (b), which provides: "The [Medicaid] program will pay on behalf of [Medicaid] recipients who are also eligible for benefits under * * * [Medicare], but who are not qualified Medicare beneficiaries, the full amount of any deductible or coinsurance costs incurred * * * provided that the costs were incurred for care, services and supplies included in the [Medicaid] program." That regulation was approved by the Federal government in September 1993.

Petitioner also seeks to invalidate State regulations that prevent it from becoming a fully approved Medicaid provider. That issue, however, is not properly before the Court because the petition challenges only the denial of petitioner's claims

(cf., *Matter of Ex-L Ambulette v Commissioner, N. Y. State Dept. of Social Servs.*, 268 AD2d 431; *Matter of Senior Life Mgt. v Dowling, supra*). (Appeals from Judgment of Supreme Court, Erie County, Whelan, J.—CPLR art 78.) Present—Pigott, Jr., P. J., Green, Wisner, Scudder and Kehoe, JJ.