■ In the Matter of SPECTRA LABORATORIES, INC., Appellant, v ANTONIA C. NOVELLO, M.D., M.P.H., Individually and as Commissioner of Health of the State of New York, et al., Respondents. [834 NYS2d 179]—

Order and judgment (one paper), Supreme Court, New York County (Joan A. Madden, J.), entered April 11, 2006, which denied petitioner's application to annul respondent State Department of Health's (DOH) determination denying petition-

er's application for enrollment in the State Medicaid program as a provider of laboratory services, and dismissed the petition, unanimously affirmed, without costs.

Petitioner operates clinical laboratories which provide testing services for medical providers, including dialysis facilities that treat end-stage renal disease. There is no dispute that under DOH's regulations, a Medicaid-approved dialysis facility is reimbursed at one "all-inclusive" rate covering all allowable costs, including laboratory services, and that, in the usual situation, a laboratory providing services to a dialysis clinic is paid directly by the clinic. However, petitioner explains, end-stage renal disease patients spend so much time in dialysis facilities that they often do not see physicians in other clinical settings. Thus, nephrologists seeing patients in dialysis facilities often assume the role of primary care physicians, and, in that role, order tests that are unrelated to dialysis. These unrelated tests are not included in the dialysis clinic all-inclusive rate paid by Medicaid. Petitioner, urging it would be efficient and in the best interest of patients for the clinic to send these unrelated tests to the same laboratory that performs the dialysis analyses for the clinic, applied to become a Medicaid provider for services not included in the all-inclusive rate. DOH, believing "an adequate number of providers are enrolled in your proposed category of services" and "there are no unmet needs for Medicaid recipients who would receive these services," denied the application.

Under 18 NYCRR 504.5 (a) (14), which governs applications for enrollment, DOH "shall consider," in addition to 13 previously specified factors, any other factor that "may affect the effective and efficient administration of the program, including, but not limited to, the current availability of medical care, services or supplies to recipients (taking into account geographic location and reasonable travel time)." Petitioner argues that DOH's determination is arbitrary and capricious because, contrary to the language of its own regulation, it did not conduct a geographic analysis of the need that end-stage renal disease patients have for the type of all-inclusive laboratory services it provides. The argument overlooks that, in DOH's view, geographic location does not affect the effective and efficient provision of laboratory services ordered by dialysis clinics. As DOH explains, since specimens taken by dialysis clinics are sent from the clinic to the laboratory, a Medicaid recipient need not travel to a laboratory (cf. *1759 Pharm. v Perales*, 183 AD2d 453 [1992] [pharmacy servicing Medicaid recipients denied enrollment because of adequate number of enrolled providers in applicant's zip code]). We defer to this view since the number and type of

laboratories required to provide Medicaid-mandated services plainly entails expertise (*see Kurcsics v Merchants Mut. Ins.* Co., 49 NY2d 451, 459 [1980]; *Matter of Ex-L Ambulette v Commissioner of N.Y. State Dept. of Social Servs.*, 268 AD2d 431, 432 [2000], *lv denied* 95 NY2d 753 [2000] [DOH has "broad discretion to limit the number of Medicaid providers"]). We note that DOH represents that there are at least 47 enrolled laboratories that, from specimens obtained anywhere in the State, are able to conduct the nine tests that petitioner is licensed to perform, and that no social service district, practitioner or Medicaid recipient has reported an inability to obtain the type of laboratory services petitioner is licensed to provide.

We have considered petitioner's argument that DOH deviated from a prior precedent in denying its application and find it without merit. We have considered petitioner's other arguments and find them unavailing. Concur—Marlow, J.P., Nardelli, Gonzalez, Sweeny and Malone, JJ.