■ UTICA MUTUAL INSURANCE COMPANY et al., Respondents, v ROBIN B. KNOX et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered October 20, 1978 in Albany County, which denied in part and granted in part a motion to dismiss the cause of action as barred by the Statute of Limitations. The issue before the court is whether an action on mortgage installments coming due within six years of the commencement of a foreclosure action is barred by CPLR 213. It is appellant's contention that once he failed to pay an installment due on the mortgage the entire amount became due and the Statute of Limitations began to run. Appellant has not paid any installments of principal and interest due under the mortgage since July, 1971. The action to foreclose was commenced on December 12, 1977. The bond and mortgage contain the following provision: "And it is Hereby Expressly Agreed that the whole of said principal sum shall become due and/or the interest rate shall increase to 6% on the entire debt due herein, *at the option of the said Obligee,* its successors or assigns after default in the payment of any installment of principal, or of interest for 30 days or after default in the payment of any tax, water rate or assessment which may be levied or imposed upon the premises described in the Mortgage accompanying this Bond for 30 days after notice and demand." (Emphasis added.) The mortgage does not contain a provision for acceleration of the entire amount due upon nonpayment of a single installment. Since it does not, as each installment comes due, a separate action may be brought to collect it. The Statute of Limitations begins to run on each installment from the date it becomes due *(Newgold v Woodstock Dev. Corp.,* 26 AD2d 142, revd on other grounds 19 NY2d 894; *First Nat. City Trust Co. v Caserta,* 29 Misc 2d 166). Order affirmed, with one bill of costs to respondents. Greenblott, J. P., Sweeney, Staley, Jr., Main and Mikoll, JJ., concur.