■ JIMMIE SMITH, Also Known as JIMMY SMITH, Appellant,

v JOHN PAGANO, Respondent.—In an action, *inter alia,* to cancel a mortgage, the plaintiff appeals (1) from a judgment of the Supreme Court, Nassau County (Widlitz, J.), dated November 18, 1987, which, upon a jury verdict to the effect that the mortgage in the principal sum of $30,000 is valid, is in favor of the defendant and against him in the principal sum of $30,000 on the defendant's counterclaim for unjust enrichment, and (2) from an order of the same court, dated December 15, 1987, which denied his motion to set aside the trial court's oral decision to award the defendant judgment on his counterclaim for unjust enrichment in the principal sum of $30,000.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law and as a matter of discretion, (1) by adding thereto a provision declaring that the subject mortgage is valid, and (2) by deleting the provision thereof which awarded the defendant the principal sum of $30,000 for unjust enrichment and substituting therefor a provision awarding the defendant the principal sum of $30,000 on the mortgage debt; as so modified, the judgment is affirmed, without costs or disbursements, the property execution against the subject property is vacated, and the matter is remitted to the Supreme Court, Nassau County, for computation of interest due under the mortgage and as a result of the default in the mortgage payments.

The appeal from the order must be dismissed because no appeal lies from an order denying a motion to vacate a decision *(see, Behrens v Behrens,* 143 AD2d 617). The issues raised on appeal with respect to the propriety of the oral decision are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff commenced this action, *inter alia,* to cancel a mortgage which he had given to the defendant as security for a loan of $30,000. The plaintiff alleged that he had never received the underlying loan. A jury trial was conducted and a verdict was ultimately returned in favor of the defendant.

The trial court granted the defendant's application for a judgment awarding him damages upon his counterclaim to recover for the plaintiff's alleged unjust enrichment. This was error. A party may not recover based on the theory of unjust enrichment where there is a valid, express agreement between the parties which explicitly covers the same subject matter for which the relief sounding in quasi contract is sought *(Chadir-*

*jian v Kanian,* 123 AD2d 596, 598; *see also, Miller v Schloss,* 218 NY 400, 406-407). In this case, the defendant's rights were secured by a valid mortgage and thus, it was inappropriate to resort to quasi contractual remedies. Rather, the defendant is entitled to a recovery upon the mortgage debt. Thus, we have, on our own initiative, amended the pleadings to conform to the proof *(see, e.g., Harbor Assocs. v Asheroff,* 35 AD2d 667, 668). We award the defendant judgment upon the mortgage debt in the principal sum of $30,000, and remit the matter to the Supreme Court, Nassau County, for the entry of an appropriate judgment, as well as for a recomputation of the amount of interest to be added thereto.

We note that a proposed Sheriff's sale of the real property which stood as security for the mortgage debt cannot take place in light of our determination modifying the judgment and remitting the matter to the Supreme Court, Nassau County, for recomputation of interest. Furthermore, the execution of a levy upon the subject real property would violate CPLR 5236 (b) which provides that mortgaged real property shall not be sold pursuant to an execution issued upon a judgment for all or part of the mortgage debt.

We further note that since the judgment does not expressly so provide, we have declared that the mortgage in question is valid.

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Brown, J. P., Lawrence, Eiber and Kooper, JJ., concur.