■ George Khoury, Respondent, v Robert K. Alger, Respondent, and Cindy Alger, Now Known as Cindy Brunetto, Appellant.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Dier, J.), entered March 20, 1990 in Warren County, which, inter alia, granted plaintiff's motion for summary judgment.

On November 4, 1981 plaintiff, as mortgagee, and defendant Robert K. Alger (hereinafter Alger) executed a note and mortgage for $65,000 at 10% interest, secured by certain property in the Town of Warrensburg, Warren County. Cindy Brunetto Alger (hereinafter Brunetto), Alger's wife, was not a signatory to the note or mortgage. The mortgage was to be paid in installments and contained a default provision which provided, in part, that the principal and interest thereon "shall become due and payable at the option of the [m]ortgagee" if payment of any installment of principal or of interest is not made within 30 days of the due date.

From September 1, 1982 and thereafter, Alger defaulted on mortgage payments of both principal and interest. He also apparently failed to pay real property taxes from 1987 through 1989. On April 18, 1989 a judgment of divorce was entered dissolving the Alger-Brunetto marriage. A stipulation incorporated into the marital judgment ordered that upon the sale of the mortgaged property and after payment of certain obligations, including plaintiff's mortgage, Brunetto was to receive $75,000 or one half of the net proceeds, whichever was greater.

Plaintiff commenced a foreclosure action on September 28, 1989 against Alger as mortgage debtor and Brunetto as a judgment creditor.* In her answer, Brunetto asserted the

* Plaintiff claims to have joined Brunetto as a party because a title search

Statute of Limitations and laches as affirmative defenses and also counterclaimed against plaintiff and cross-claimed against Alger alleging fraud and demanding $75,000 in damages. Plaintiff moved for summary judgment on the foreclosure action and for an order dismissing Brunetto's answer and counterclaim. Alger, who did not answer the complaint, also moved to dismiss Brunetto's cross claim. Supreme Court granted plaintiff's motion for summary judgment, dismissed Brunetto's answer, counterclaim and cross claim, and ordered the property sold. Brunetto now appeals.

We affirm. Clearly, Alger, by not appearing in the main action, has no rights in this proceeding. As for Brunetto's counterclaim and cross claim for fraud, we conclude that they are legally insufficient since neither claim complies with CPLR 3016 (b) which requires that the facts and circumstances constituting the fraud be stated in detail *(see, Pitcherello v Moray Homes,* 150 AD2d 860, 862; *Lanzi v Brooks,* 54 AD2d 1057, *affd* 43 NY2d 778). Further, neither the counterclaim nor cross claim make out a cause of action for fraud since there is no showing of "a misrepresentation of material fact, intended to deceive [her], which cause[d] injury" *(Ressis v Herman,* 122 AD2d 516, 517, *lv dismissed* 69 NY2d 1017). Accordingly, the counterclaim and cross claim were properly dismissed.

Finally, for the following reasons we conclude that the matter must be remitted for the recalculation of damages. Since the mortgage was to be paid in installments and plaintiff as mortgagee had the option to accelerate payment, "separate causes of action for each installment * * * accrue[d] as the installments bec[a]me due" (3 Warren's Weed, New York Real Property, Limitation of Actions, § 5.02, at 30 [4th ed]) and thus the "Statute of Limitations beg[an] to run on each installment from the date it be[came] due" *(Utica Mut. Ins. Co. v Knox,* 71 AD2d 763; *see also, A & I Realty Corp. v Kent Dry Cleaners,* 61 Misc 2d 887). Therefore, since it is conceded that no payments were made after September 1, 1982 and the action was commenced on September 28, 1989, it is clear that the installments due from September 1, 1982 to September 1, 1983 are barred by the six-year Statute of Limitations *(see,* CPLR 213 [4]). Accordingly, the damages due plaintiff as determined by Supreme Court must be modified by computing the principal balance and interest from September 1, 1983.

revealed that she had obtained a money judgment against Alger which appears as a lien of record.

Since these amounts are not reflected in the record, remittal is required.

Casey, Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as calculated damages from September 1, 1982 to September 1, 1983; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.