■ CINDY ALGER, Appellant, v ROBERT K. ALGER, Respondent.—Casey, J. Appeal from an order of the Supreme Court (Dier, J.), entered February 19, 1991 in Warren County, which partially granted plaintiff's motion for, *inter alia,* payment of arrears in maintenance owed by defendant.

On the day set for trial of their divorce action, the parties entered into a stipulation which was thereafter incorporated but not merged in the judgment of divorce. At issue on this appeal is whether defendant's obligation to pay maintenance pursuant to the terms of the stipulation expired on July 15, 1989. We conclude that it did not and, therefore, we modify Supreme Court's order.

The marital property consisted of a retail fruit and vegetable business operated in the Town of Warrensburg, Warren County, and the real property where that business was conducted, which also included an apartment that had served as the marital home. The stipulation, entered into on March 23, 1989, provided that this property would be offered for sale

through a reputable commercial real estate broker. Defendant was given the exclusive right to operate the fruit and vegetable business until July 15, 1989, provided that no purchaser was found before that date. Thereafter, a receiver was to be appointed to operate the business until it was sold, and the parties were to split the profits generated by the receiver's operation of the business. Defendant's payment of maintenance at $50 per week was to continue until either the business was sold or a receiver was appointed.

When no purchaser was found by the July 15, 1989 deadline, defendant ceased doing business at the marital property and reopened a fruit and vegetable business at a nearby location. He also stopped paying maintenance to plaintiff. No receiver was ever appointed, although plaintiff alleges that she sought to have one appointed, and there is no evidence in the record that the property or the business was sold. Plaintiff's attempts to enforce the maintenance provision of the stipulation and divorce judgment resulted in the order on appeal which, *inter alia,* awarded plaintiff maintenance arrears for all payments which were due but not made prior to July 15, 1989. Supreme Court concluded that plaintiff was not entitled to maintenance after that date. Plaintiff appeals.

Applying the relevant rules of construction *(see, Hudson-Port Ewen Assocs. v Chien Kuo,* 165 AD2d 301, 303-304, *affd* 78 NY2d 944), we see no basis for interpreting the parties' stipulated agreement as containing a July 15, 1989 termination date for defendant's maintenance obligation. The stipulation clearly states that the payment of maintenance shall continue "until either a receiver is appointed, or the business is sold, at which time [maintenance] will stop". The stipulation says nothing about maintenance stopping on July 15, 1989 if a receiver is not appointed and a purchaser is not found. On the contrary, the stipulation provides that maintenance shall continue if neither of these two events occurs.

The stipulation does not require plaintiff to obtain the appointment of a receiver, so her failure to do so did not relieve defendant of his maintenance obligation. The stipulation simply provides that "if the property is not under contract for sale by 7/15/89, the receiver will be appointed and commence operations of the facility". Clearly, both parties had the right to seek appointment of a receiver and defendant could have terminated his maintenance obligation by doing so. In the absence of any evidence in the record that a receiver was appointed or that there was a sale within the meaning of the stipulation or that plaintiff did anything to prevent the

occurrence of either terminating event, defendant's maintenance obligation continued because neither of the two terminating events specified in the stipulation occurred.

We note that, in September 1989, a mortgagee of the marital property commenced a mortgage foreclosure action which resulted in an order, *inter alia,* directing that the property be sold *(see, Khoury v Alger,* 174 AD2d 918). Whether this sale has occurred, and if so, whether it constituted a terminating event within the meaning of the stipulation are issues which cannot be resolved on this appeal. The stipulation seems to refer to the business and the property interchangeably, but it appears that a sale of both the business and the property together was contemplated by the parties. Plaintiff claims that defendant rendered such a sale, and the appointment of a receiver, impossible by ceasing business operations at the marital property and reopening an identical business under a new name at a nearby location. The merits of this claim, which depend in part upon evidence not contained in this record, and the relief to which the parties might be entitled as a result of events which have occurred subsequent to entry of the order under review are outside the scope of this appeal. Based upon the evidence in this record, defendant's maintenance obligation did not terminate on July 15, 1989 and, therefore, the matter must be remitted to Supreme Court for recalculation of the maintenance arrears.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiff's application for maintenance arrears subsequent to July 15, 1989; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.