■ DEBORAH L. KRIEGER, as Preliminary Executrix of SHIRLEY S. KRIEGER, Deceased, Respondent, v MICHAEL KRIEGER, Appellant. [596 NYS2d 238] —Judgment insofar as appealed from unanimously affirmed with costs. Memorandum: After entry of the order appealed from, a judgment was entered that subsumed all of the provisions of the order. Moreover, after entry of that judgment, Supreme Court granted reargument of that portion of the underlying summary judgment motion pertaining to attorney's fees, but directed that a hearing on the reasonableness of the fees be conducted after resolution of the instant appeal. Because defendant should have appealed from the judgment and because the sole issue on this appeal is whether the court erred in granting summary judgment awarding plaintiff principal and interest on the promissory note, in the exercise of our discretion, we deem the notice of appeal to be from the judgment to the extent that it awarded principal and interest on the note (see, CPLR 5520 [c]; Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988). We have not considered the materials submitted on the motion for reargument; that motion is not before us (see, Stojowski v Fair Oaks Dev. Corp., 151 AD2d 661).

Supreme Court properly determined that the Statute of Limitations does not bar recovery of those installments of principal and interest that became due within six years of

commencement of this action *(see, Khoury v Alger,* 174 AD2d 918, 919; *Utica Mut. Ins. Co. v Knox,* 71 AD2d 763).

The only evidentiary material submitted by defendant in opposition to the motion for summary judgment was his affidavit stating in conclusory fashion that "the Note of April 14, 1985, [was] forgiven by my mother" and that, because his mother made no attempt to accelerate payment, he "believed" that the debt had been forgiven. That conclusory statement and expression of belief, hope or surmise is not sufficient to raise a triable issue of fact *(see, Amatulli v Delhi Constr. Corp.,* 77 NY2d 525, 533; *Zuckerman v City of New York,* 49 NY2d 557, 562) in support of defendant's contention that his liability on the note was discharged *(see,* Uniform Commercial Code § 3-601). (Appeal from Judgment of Supreme Court, Monroe County, Wisner, J.—Summary Judgment.) Present— Callahan, J. P., Pine, Balio, Lawton and Doerr, JJ.