◼ JOHN PAGANO, Respondent, v JIMMY SMITH, Appellant. [608 NYS2d 268] —In an action to foreclose a mortgage, the defendant appeals from an order of the Supreme Court, Nassau County (Goldstein, J.), dated October 9, 1991, which denied his motion to dismiss the complaint and granted the plaintiff's motion to amend the complaint.

Ordered that the order is affirmed, with costs.

In 1977, the plaintiff John Pagano loaned the defendant Jimmy Smith $30,000 and received a mortgage as security for

the loan. In a declaratory judgment action commenced in 1979, Smith sought cancellation of the mortgage and Pagano counter-claimed to recover the debt. While that action was pending, Pagano commenced the instant action in 1986 to foreclose on the mortgage. The complaint in the foreclosure action included a statement that no other action had been commenced for the recovery of the mortgage debt. In 1987, following the trial of the declaratory judgment action, Pagano was awarded a judgment on the mortgage debt in the principal amount of $30,000 (see, Smith v Pagano, 154 AD2d 586).

Smith subsequently moved in 1991 to dismiss the foreclosure action on the grounds that it was barred by the Statute of Limitations and that RPAPL 1301 precluded Pagano from bringing the foreclosure action while the action to recover the mortgage debt was pending. At the same time, Pagano moved for permission to amend the complaint in order to comply with RPAPL 1301 (2), which provides that "[t]he complaint shall state whether any other action has been brought to recover * * * [the] debt". The Supreme Court granted Pagano's motion to amend and denied Smith's motion to dismiss the complaint.

We conclude that the court did not err in permitting Pagano to amend his complaint. Pursuant to RPAPL 1301 (1), an action may be maintained to foreclose the mortgage after final judgment for the plaintiff has been rendered in an action to recover the mortgage debt, provided an execution against the property of the defendant has been issued upon the judgment to the sheriff and has been returned wholly or partly unsatisfied (see, Goddard v Johnson, 96 Misc 2d 230; 14 Carmody-Wait 2d, NY Prac, Mortgage Foreclosure, § 92:29, at 652). Here, Pagano stated in his amended complaint that he had been awarded a judgment on the mortgage debt in a prior proceeding, that execution against Smith's property had been issued, and that the execution had been returned wholly unsatisfied.

In addition, we find that the court properly denied Smith's motion to dismiss the complaint on the ground of the Statute of Limitations without prejudice to renewal upon the completion of disclosure. The mortgage dated March 28, 1977, provided for repayment of the principal in the fifth year and for monthly payments of $500 beginning in April 1977. The mortgage also included an optional acceleration clause which Pagano did not exercise. Consequently, separate causes of action for each installment accrued, and the Statute of Limitations began to run, on the date each installment became due

*(see, Khoury v Alger,* 174 AD2d 918; *Utica Mut. Ins. Co. v Knox,* 71 AD2d 763). The court therefore properly found that the action was not necessarily time-barred as to those installments due six years prior to 1986, when the action was commenced *(see,* CPLR 213 [4]).

We have examined Smith's remaining contentions and find them to be without merit. Mangano, P. J., O'Brien, Pizzuto and Santucci, JJ., concur.