■■■ JENNIFER E. SEILER, Respondent, v RICCI'S TOWING SERVICES, INC., et al., Appellants. [620 NYS2d 688] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendants appeal from an order of Supreme Court that dismissed

their affirmative defenses of assumption of risk, failure to use a seat belt and/or shoulder harness, failure to mitigate damages and Statute of Limitations. The affirmative defense of assumption of risk is improperly premised upon allegations that plaintiff could have avoided the accident (see, CPLR 1411). The court, therefore, properly dismissed that affirmative defense.

The court also properly dismissed the affirmative defense of failure to use a seat belt and/or shoulder harness. Plaintiff provided evidence that she was wearing a seat belt and/or shoulder harness at the time of the accident, and defendants responded with conclusory affidavits containing expressions of opinion and not fact (see, Krieger v Krieger, 192 AD2d 1076, 1077; Baker v Sportservice Corp., 175 AD2d 654, lv denied 78 NY2d 860). Defendants' reliance on the accident report is misplaced. That report is hearsay and, in any event, does not indicate that plaintiff was not wearing her seat belt and/or shoulder harness at the time of the accident. In addition, defendants failed to establish that further discovery would likely produce additional facts to substantiate the defense (see, CPLR 3211 [d]; 3212 [f]).

The court also properly dismissed the affirmative defense of failure to mitigate damages. Plaintiff had not been deposed prior to the motion, and the court dismissed that defense without prejudice to reasserting it in an amended answer upon a showing of a factual basis for it. While it may have been more appropriate to reserve decision on that part of plaintiff's motion until the completion of discovery (see, CPLR 3211 [d]; 3212 [f]), the court's order achieves the same result without prejudice to defendants.

The court erred, however, in dismissing defendant Guilford's affirmative defense of the Statute of Limitations. Guilford also pleaded improper service of the summons and complaint as an affirmative defense. That defense survived plaintiff's motion to dismiss. We conclude that it was premature to determine that, even if defendant Guilford ultimately prevails on his jurisdictional defense, plaintiff will be able to commence a new action against Guilford pursuant to CPLR 306-b (b). We, therefore, modify the order appealed from by denying that part of plaintiff's motion seeking to dismiss Guilford's affirmative defense of the Statute of Limitations and by reinstating that affirmative defense. (Appeal from Order of Supreme Court, Monroe County, Affronti, J.—Dismiss Affirmative Defenses.) Present—Lawton, J. P., Fallon, Wesley, Doerr and Davis, JJ.