■ In the Matter of Ivy Hill Commodities Corp., Respondent, v Leslie A. Beekharry et al., Appellants. [967 NYS2d 75]—

In a proceeding pursuant to CPLR 5206 (e) to direct the post-judgment sale of real property, Leslie A. Beekharry and Rosaline P. Beekharry appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), entered December 6, 2011, as denied their cross motion, in effect, to vacate a judgment of the same court dated May 27, 2009, in favor of the petitioner and against them granting the petition and directing the sale of the subject real property at public auction, and any executions thereunder, and thereupon vacated all stays on the sale of the property.

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioner in the instant proceeding, Ivy Hill Commodities Corp. (hereinafter Ivy Hill), commenced an action in the Supreme Court, Queens County, accusing its employee, Leslie A. Beekharry, along with Rosaline P. Beekharry (hereinafter together the Beekharrys), of embezzling at least $1,000,000 in funds from Ivy Hill, and the action was thereafter settled. Without admitting guilt, the Beekharrys agreed to pay Ivy Hill

the sum of $470,000 over a period of years. As security for the payments required under the agreement, the Beekharrys agreed to provide an affidavit of confession of judgment, as well as a mortgage on their home (hereinafter the subject property). The mortgage was delivered after the settlement agreement was signed.

After the Beekharrys defaulted on their payment obligations under the settlement agreement, Ivy Hill entered judgment against the Beekharrys based upon the confession of judgment. Ivy Hill then commenced the instant proceeding to compel the sale of the subject property. A judgment dated May 27, 2009, was entered in this proceeding, and two sales at public auction were scheduled. Both sales were postponed when the Beekharrys filed petitions in bankruptcy pursuant to chapter 13 of the United States Bankruptcy Code (11 USC § 1301 *et seq.*). When the United States Bankruptcy Court dismissed those petitions as meritless, the public auction was rescheduled. Ivy Hill then moved to preliminarily enjoin the Beekharrys from altering or destroying the subject property, and the Beekharrys cross-moved, in effect, to vacate the judgment dated May 27, 2009, and any executions thereunder, contending, inter alia, that the sale was barred by CPLR 5236 (b). The Supreme Court granted Ivy Hill's motion and denied the Beekharrys' cross motion, and thereupon vacated any stays of the sale of the subject property. The Beekharrys appeal from so much of the order as denied their cross motion and thereupon vacated any stays on the sale of the subject property.

CPLR 5236 (b) provides, in relevant part, that "[r]eal property mortgaged shall not be sold pursuant to an execution issued upon a judgment recovered for all or part of the mortgage debt." Typically, a mortgagee has the choice of "two remedies: one at law in a suit on the debt as evidenced by the note, the other in equity to foreclose the mortgage" (*Copp v Sands Point Mar.*, 17 NY2d 291, 293 [1966]). A mortgagee who elects to proceed on the note becomes "subject to the statutory restrictions which direct that when a judgment is recovered for all or part of the mortgage debt, the execution shall direct that no part of the mortgage[d] property shall be levied upon or sold thereunder" (*Goddard v Johnson*, 96 Misc 2d 230, 231 [1978]).

The Supreme Court properly concluded that CPLR 5236 (b) does not apply here. The judgment in the instant proceeding was not based on "mortgage debt," as there was no default in making mortgage payments. Rather, the Beekharrys' default was in failing to make payments due under the stipulation of settlement. Thus, the judgment was not "recovered for all or

part of a mortgage debt" (CPLR 5236 [b]; *cf. Smith v Pagano*, 154 AD2d 586, 588 [1989]).

The Beekharrys' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the Beekharrys' cross motion, in effect, to vacate the judgment dated May 27, 2009, and to vacate any executions thereunder, and thereupon properly vacated all stays on the sale of the subject property. Eng, P.J., Rivera, Angiolillo and Balkin, JJ., concur.