U.S. Bank Trust, N.A. v Miele (2020 NY Slip Op 04422)





U.S. Bank Trust, N.A. v Miele


2020 NY Slip Op 04422


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-11124
 (Index No. 51023/16)

[*1]U.S. Bank Trust, N.A., etc., respondent,
v
Stephen D. Miele, etc., et al., appellants, et al., defendants.


Carl E. Person, New York, NY (Giancarlo Malinconico of counsel), for appellants.
Day Pitney LLP, New York, NY (Rachel G. Packer and Alfred W. J. Marks of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Stephen D. Miele and Catherine G. Miele appeal from an order of the Supreme Court, Westchester County (Orazio R. Bellantoni, J.), dated September 23, 2016. The order denied those defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them on the ground that the action is barred by the statute of limitations.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Stephen D. Miele and Catherine G. Miele which was pursuant to CPLR 3211(a)(5) to dismiss the causes of action relating to unpaid mortgage installments which accrued on or before January 27, 2010, insofar as asserted against them, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
On July 7, 2009, JPMorgan Chase Bank, National Association (hereinafter Chase), commenced an action to foreclose a mortgage executed by the defendants Stephen D. Miele and Catherine G. Miele (hereinafter together the defendants) in favor of Washington Mutual Bank, FA, securing a note in the amount of $2.6 million. In an order dated September 12, 2014, the Supreme Court directed dismissal of that action, without prejudice, for failure to comply with an order directing Chase to timely move for summary judgment and an order of reference. Thereafter, on January 28, 2016, the plaintiff commenced this foreclosure action, alleging that the defendants had defaulted under the terms of the note and mortgage by failing to make the payment due on December 1, 2008.
The defendants moved, pre-answer, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them on the ground that the action is barred by the statute of limitations. The plaintiff opposed the motion, submitting the affidavit of an employee of its loan servicer, Caliber Home Loans, Inc. (hereinafter Caliber). Annexed to the affidavit were letters addressed to each of the defendants, dated May 13 and May 14, 2015, respectively, a limited power of attorney authorizing Caliber to act on behalf of the plaintiff, and United States Postal Service receipts date-stamped May 14, 2015. The letters stated that "the maturity of the Loan is hereby [*2]de-accelerated, immediate payment of all sums owed is hereby withdrawn, and the Loan is re-instituted as an installment loan." The Supreme Court denied the defendants' motion, and the defendants appeal.
When, as here, a mortgage is payable in installments, "separate causes of action for each installment accrue[ ], and the Statute of Limitations [begins] to run, on the date each installment [becomes] due" unless the mortgage debt is accelerated (Pagano v Smith, 201 AD2d 632, 633; see Loiacono v Goldberg, 240 AD2d 476). " [O]nce a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action (see EMC Mtge. Corp. v Patella, 279 AD2d at 606).
"In resolving a motion pursuant to CPLR 3211(a)(5) to dismiss the complaint on the ground that the action is barred by the statute of limitations, the court must accept the facts as alleged in the complaint as true, and accord the plaintiff the benefit of every possible favorable inference" (Bank of N.Y. Mellon v Celestin, 164 AD3d 733, 735; see JP Morgan Chase Bank, N.A. v Mbanefo, 166 AD3d 742, 743). "On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 669; see U.S. Bank N.A. v Gordon, 158 AD3d 832, 834-835). " If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period'" (U.S. Bank N.A. v Gordon, 158 AD3d at 835, quoting Barry v Cadman Towers, Inc., 136 AD3d 951, 952).
Here, in support of their motion, the defendants demonstrated that the six-year statute of limitations (see CPLR 213[4]) began to run on July 7, 2009, when Chase accelerated the mortgage debt and commenced the prior foreclosure action (see Albertina Realty Co. v Rosbro Realty Corp., 258 NY 472, 476; Milone v US Bank N.A., 164 AD3d 145, 152). Since the plaintiff did not commence the instant foreclosure action until more than six years later, on January 28, 2016, the defendants sustained their initial burden of demonstrating, prima facie, that the action was untimely (see U.S. Bank, N.A. v Kess, 159 AD3d 767, 768).
In opposition, the plaintiff tendered evidence that, in May 2015, it sent letters to each of the defendants that purported to de-accelerate the entire debt (see Milone v US Bank N.A., 164 AD3d at 154). However, such evidence is sufficient only to raise a question of fact as to whether those causes of action that sought unpaid installments which accrued within the six-year period of limitations preceding the commencement of this action (see CPLR 213[4]; Wells Fargo Bank, N.A. v Cohen, 80 AD3d 753, 754; Khoury v Alger, 174 AD2d 918, 919) are barred by the statute of limitations due to this alleged de-acceleration by the plaintiff. Since the plaintiff failed to tender any evidence to rebut the defendants' showing that the statute of limitations bars the causes of action relating to unpaid mortgage installments which accrued on or before January 27, 2010, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss those causes of action.
The defendants' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., CHAMBERS, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court