| Konate v New York City Police Dept. |
|---|
| 2025 NY Slip Op 31718(U) |
| May 12, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 156147/2024 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. HASA A. KINGO**

*Justice*

PART     05M

-------------------------------------------------------------------------------X

ADAMA KONATE,

Plaintiff,

- v -

THE NEW YORK CITY POLICE DEPARTMENT, THE CITY OF NEW YORK, DANIEL R. BALSDON

Defendant.

-------------------------------------------------------------------------------X

INDEX NO.     156147/2024

MOTION DATE     N/A

MOTION SEQ. NO.     001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21

were read on this motion for                    SUMMARY JUDGMENT                    .

Plaintiff Adama Konate ("Plaintiff") moves, pursuant to CPLR § 3212(e), for summary judgment on the issue of liability against defendants New York City Police Department ("NYPD"), the City of New York, and Officer Daniel R. Balsdon ("Balsdon"), and, pursuant to CPLR § 3211(b), to strike defendants' affirmative defenses of (a) culpable conduct, (b) assumption of risk, (c) failure to wear a seat belt, and (d) emergency situation. Defendants partially oppose only to the extent those defenses implicate disputed facts; they concede no non-negligent basis for the collision and make no contention that Balsdon's vehicle qualified as an emergency vehicle under Vehicle and Traffic Law ("VTL") §§ 1104(a)(2) or (e).

## BACKGROUND AND PROCEDURAL HISTORY

On February 27, 2024, Plaintiff, an Uber driver, proceeded through the intersection of East 125th Street and Fifth Avenue in Manhattan under a steady green light. Simultaneously, Balsdon drove an NYPD sedan into the intersection against a red signal, without lights or sirens, colliding with the front of Plaintiff's vehicle. Plaintiff, who was wearing his seat belt, and his passenger both sustained impact. Immediately following the accident Balsdon activated his emergency lights.

Plaintiff timely commenced this action on July 5, 2024. Defendants answered on August 10, 2024, asserting, among other things, affirmative defenses of culpable conduct, assumption of risk, failure to wear a seat belt, and the emergency-situation privilege. Following discovery of dash-cam video and Plaintiff's GML § 50-h testimony (Exhibits 4 & 5 to the Irwin Affirmation), Plaintiff moved on March 13, 2025, for summary judgment on liability and to strike the four defenses. Defendants "take no position" on fault under VTL § 1111(d)(1) but oppose striking culpable conduct and assumption of risk on grounds of alleged video/testimony discrepancies, and reserve all arguments on injury threshold and causation (which are not before the court).

[* 1]

## ARGUMENTS

Plaintiff argues that Balsdon violated multiple provisions of the VTL when he entered the intersection against a red light, failed to slow for safe operation, and drove without due regard for the safety of others. Specifically, Plaintiff points to VTL § 1111(d)(1) for running the red light, VTL § 1104(a)(2) for not slowing sufficiently, and VTL § 1104(e) for reckless operation. The dash-cam footage, coupled with Plaintiff's sworn testimony, clearly shows that he had a green signal, was wearing his seat belt, and exercised due care throughout, while Balsdon "flew" into the intersection without lights or sirens—activating them only after the collision. Under cited case law, Plaintiff contends that these undisputed facts entitle Plaintiff to summary judgment on the issue of negligence.

Regarding affirmative defenses, Plaintiff notes first that his General Municipal Law § 50-h testimony confirms he was belted at all times, and Defendants have produced no contrary evidence. Second, Plaintiff avers that there is no evidence of any emergency lights or sirens in use at the time of the collision, so no statutory exemption applies. Finally, Plaintiff states that nothing in the record suggests that Plaintiff failed to look, brake, or otherwise contribute to the accident; in contrast, the video shows evasive action (or lack thereof) by Balsdon alone—not by Plaintiff.

Defendants concede that Plaintiff has made out his case under VTL § 1111(d)(1) and therefore do not contest liability on that basis, but they preserve all other defenses for trial. They further point out that Plaintiff has not sought summary judgment on either the serious-injury threshold (Insurance Law § 5102[d]) or on causation; those issues appropriately remain for the jury's determination.

With respect to the defenses of culpable conduct and assumption of risk, Defendants argue that the dash-cam video contradicts Plaintiff's testimony that he looked both ways before entering the intersection. They contend the footage shows the NYPD vehicle already well into the intersection when Plaintiff entered, which could support a finding that Plaintiff saw the approaching car and failed to brake. According to Defendants, these factual disputes preclude striking those defenses at this time.

Defendants do not challenge the seat-belt or emergency-situation defenses and offer no non-negligent explanation for Balsdon's actions.

## DISCUSSION

A movant meets its initial burden by establishing a prima facie entitlement to judgment as a matter of law, "eliminating any material issues of fact" (*Friends of Animals v. Associated Fur Mfrs.*, 46 NY2d 1065 [1979]). Once the movant has done so, the opponent must produce admissible evidence raising a triable issue (*Morowitz v. Naughton*, 150 AD2d 536 [2d Dept 1989]).

### I.      Liability Under VTL § 1111(d)(1), 1104(a)(2), & 1104(e)

Under VTL § 1111(d)(1), "traffic facing a steady circular red signal … shall stop," and must yield the right of way to cross-traffic (*Yelder v. Walters*, 64 AD3d 762 [2d Dept 2009]). Even

**156147/2024   KONATE, ADAMA vs. THE NEW YORK CITY POLICE DEPARTMENT ET AL          Page 2 of 4**
    **Motion No.  001**

2 of 4

[* 2]

emergency-vehicle operators may only "proceed past a steady red signal … after slowing down as may be necessary for safe operation" (*Kabir v. County of Monroe*, 16 NY3d 217, 223 [2011]). Here, the video shows Balsdon entered on red at high speed, without lights or sirens, and never slowed for safety. Plaintiff's dash-cam footage, coupled with his corroborated § 50-h testimony, eliminates any factual dispute that Plaintiff held the green, complied with traffic laws, and was wearing a seat belt (*Higgins v. Ridgewood Sav. Bank*, 262 AD2d 357 [2d Dept 1999]).

Defendants offer no non-negligent explanation, nor any showing that VTL § 1104(a)(2)/(e) excuses Balsdon's conduct. As such, under VTL § 1111(d)(1) and the above authority, the court finds negligence as a matter of law and grants summary judgment on liability.

## II.      Striking Affirmative Defenses

CPLR § 3211(b) authorizes striking defenses "not stated" or "without merit" where the movant proves the defense cannot be maintained; the burden then shifts to the proponent to raise a triable issue (*Town of Hempstead v. Lizza Indus.*, 293 AD2d 739 [2d Dept 2002]).

Here, Plaintiff's § 50-h testimony unequivocally confirms belt use. Defendants offer no admissible proof to create an issue (*Seiler v. Ricci's Towing Serv.*, 210 AD2d 972 [4th Dept 1994]). Therefore, any defense predicated upon the failure to wear a seat belt is stricken.

As to Defendants' contentions regarding the presence of an emergency, the court notes that it is undisputed that no lights or sirens were activated until *after* impact. As such, no statutory exemption applies. Likewise, Defendants have conceded noncompliance with VTL § 1104(a)(2)/(e). As such, this defense is stricken.

With respect to culpable conduct and assumption of risk, Defendants argue that inconsistencies between the dash-cam video and Plaintiff's testimony create a factual dispute that prevents the court from striking these defenses. However, here the court finds that such a contention rests entirely on speculation and is insufficient to generate a triable issue of fact. As a general rule, credibility assessments are the province of the fact-finder. Indeed, only when testimony is "physically impossible or contrary to experience" does it lose all evidentiary weight. Thus, in *Loughlin v. City of New York*, 186 AD2d 176, 177 (2d Dept 1992), the Appellate Division, Second Department, held that a witness's version of events could be disregarded where it was "physically impossible" as a matter of mechanical reality (*see also Cruz v. Port Auth. of N.Y. & N.J.*, 243 AD2d 251, 252 [1st Dept 1997][same principle applies where testimony directly contradicts incontrovertible objective evidence]).

Here, by contrast, nothing about Plaintiff's assertion—that he glanced left and right—rises to the level of impossibility. The dash-cam footage, which captures only a narrow field of view and no instrumented speed or angle indicators, does not definitively demonstrate that Plaintiff failed to look. At most, it shows that an officer with no lights or sirens appeared suddenly in his path. To leap from that observation to the conclusion that Plaintiff did not look is pure conjecture, unsupported by any expert analysis or mechanical demonstration. Absent an expert to show that the timing and geometry captured on the video render his testimony "physically impossible," Defendants' argument is nothing more than "mere speculation," which courts have long held

156147/2024   KONATE, ADAMA vs. THE NEW YORK CITY POLICE DEPARTMENT ET AL          Page 3 of 4
Motion No.  001

[* 3]

3 of 4

cannot defeat a summary judgment motion (*see Espinal v. Trezechahn 1065 Ave. of Americas, LLC*, 94 AD3d 611 [1st Dept 2012]; *see also Corcoran Group v. Morris*, 107 AD2d 622, 624 [1st Dept 1985][speculative inferences insufficient to raise triable issue]) .

Accordingly, because the contention that the video and testimony are irreconcilable is grounded solely in inference—and not in any showing that recognizing Plaintiff's testimony would defy mechanical reality—the court will not permit Defendants to rely on such speculation to avoid the striking of their defenses of culpable conduct and assumption of risk. Nor is the court persuaded by Defendants' contention that Plaintiff made no attempt to brake or reduce his speed. On the contrary, the dash-cam footage delivers a straightforward portrayal of the events—one that directly belies Defendants' conjectural claims. Indeed, there is no evidence suggesting that Plaintiff acted unlawfully or imprudently. Because Defendants have offered no non-negligent explanation for the collision, these defenses have no legal basis and must be stricken.

For the foregoing reasons, Plaintiff's motion is granted in full. It is therefore

ORDERED that summary judgment on liability is granted in favor of Plaintiff and against Defendants New York City Police Department, the City of New York, and Officer Daniel R. Balsdon; and it is further

ORDERED that Defendants' affirmative defenses of culpable conduct, assumption of risk, failure to wear a seat belt, and emergency situation are stricken; and it is further

ORDERED that no determination is made on the issue of serious injury or damages as those issues remain for trial; and it is further

ORDERED that the parties are hereby directed to appear for a settlement conference before this court in Part 5 on May 21, 2025, at 2:15 PM, in Room 320 of the courthouse located at 80 Centre Street, New York, NY.

This constitutes the decision and order of the court.

202505121429&4HKING034B&7X43CDF417DB1BD073FF534D23E

**5/12/2025**
**DATE**

**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**156147/2024   KONATE, ADAMA vs. THE NEW YORK CITY POLICE DEPARTMENT ET AL**          **Page 4 of 4**
**Motion No.  001**

4 of 4

[* 4]