■ In the Matter of LOUISE RAYNER, Appellant, v GEORGE C. SINNOT, as Commissioner of the New York State Civil Service Commission, Respondent. [659 NYS2d 346] —White, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered March 12, 1996 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Civil Service Commission denying petitioner's request for a reclassification of her senior typist position.

Petitioner is employed by the Department of Civil Service as a grade 9 Senior Typist in the Employee Relations section of its Personnel Services Division. In April 1994, she filed an application to change her classification to Secretary I, grade 11. Despite being supported by the Division Director of Personnel Services and her supervisor, petitioner's application was denied by the Division of Classification and Compensation even though

a fellow employee in the Employee Relations section performing similar clerical tasks had been reclassified as Secretary I in 1990. Petitioner unsuccessfully appealed to respondent, who found that there was an insufficient basis to support the appeal and affirmed petitioner's present title and allocation. Following Supreme Court's dismissal of the petition in this CPLR article 78 proceeding challenging respondent's determination, this appeal ensued.

Our review of the record shows that, while petitioner performs some of the tasks associated with a Secretary I position, she does not perform the supervisory or administrative functions pertaining to that position, but rather spends most of her time performing word processing tasks and answering the telephone. The record also contains a rational explanation by respondent for the classification discrepancy between petitioner and her fellow employee. For these reasons, we conclude that respondent's determination is not " 'wholly arbitrary or without any rational basis' " and, accordingly, must be upheld (*Matter of Association of Secretaries to Justices of Supreme & Surrogate's Cts. v Office of Ct. Admin.*, 75 NY2d 460, 476, quoting *Cove v Sise*, 71 NY2d 910, 912; *see*, *Matter of Scala v Gambino*, 204 AD2d 933, 934).

Our determination is not affected by petitioner's argument that her antismoking activities influenced respondent's determination as there is no proof that respondent was biased by reason of such activities or that his determination flowed therefrom (*see*, *Matter of Warder v Board of Regents*, 53 NY2d 186, 197, *cert denied* 454 US 1125).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.