■ · In the Matter of SAMUEL A. CHERNIAK, Appellant, v OFFICE OF COURT ADMINISTRATION et al., Respondents. [702 NYS2d 470] —Carpinello, J. Appeal from a judgement of the Supreme Court (Bradley, J.), entered December 14, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review respondents' determination denying petitioner's request to credit him with prior service as an employee of the State.

Petitioner's employment as an Assistant Attorney General was terminated in October 1995 and approximately 2½ years later he began work as a grade 23 Court Attorney in the Uni-

fied Court System. His request for salary credit for his prior State service as an Assistant Attorney General was denied on the ground that reinstatement under the relevant Rules of the Chief Judge was limited to former employees of the Unified Court System* (*see, Matter of Stearns v Office of Ct. Admin.*, 260 AD2d 900) and that, pursuant to the Comptroller's long-standing policy, salary credit for other prior State service could not be granted to an employee who did not return to State service within one year. Petitioner commenced this CPLR article 78 proceeding to challenge the refusal to credit him with the prior service and appeals from Supreme Court's judgment dismissing the petition.

Petitioner's challenge focuses on the rationality of the Comptroller's policy. Pursuant to Judiciary Law § 37 (8), an employee who has been "continuously occupying" a position outside the Unified Court System is entitled to salary credit for that prior State service upon appointment to a Unified Court System position. The Comptroller's long-standing policy represents an interpretation of the phrase "continuously occupying" in Judiciary Law § 37 (8) and in the similar provision applicable to employees of the Executive Branch (*see,* Civil Service Law § 131 [5]). The purpose of these provisions is to encourage employees to remain in State service and the Comptroller's policy promotes that purpose by allowing salary credit for prior service where an employee returns to State service after a brief break in service, but not where there is a substantial break in service. We see nothing irrational in the Comptroller's statutory interpretation.

Petitioner argues that because there appears to be no particular reason for the Comptroller's selection of one year as the limit for a break in service, rather than some other time period, the policy is not rationally based and must be applied to afford salary credit for prior service regardless of the length of the break in that service. Inasmuch as it is rational for the Comptroller to construe the statutory phrase "continuously occupying" as encompassing a relatively brief break in service, and taking into account the "valid State objective of fiscal responsibility" (*Matter of McDermott v Forsythe*, 188 AD2d 173, 177), we reject petitioner's argument. In any event, no rational construction of the phrase "continuously occupying" would encompass the 2½-year hiatus experienced by petitioner.

Mercure, J. P., Spain, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Based upon the Rules of the Chief Judge, petitioner was given credit for his service in the Unified Court System which preceded his employment as an Assistant Attorney General.