■ In the Matter of NICOLE BOTTI et al., Appellants, v JONATHAN LIPPMAN, as Chief Administrative Judge of the

Courts, et al., Respondents. [736 NYS2d 807] —Rose, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered April 20, 2001 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Office of Court Administration denying petitioners' request for a reclassification.

Petitioners are "Court Attorneys" who work for county judges handling matters in several different county-level courts (hereinafter multibench judges). Seeking to be reclassified under the "Law Clerk to Judge" title standard, they appeal Supreme Court's finding that respondents' denial of their request was not irrational. We must affirm.

Given the broad classification and allocation authority of the Chief Administrator of the Courts (*see, Matter of New York State Ct. Clerks Assn. v Crosson*, 269 AD2d 335, 335), determinations of position classifications "will not be disturbed in the absence of a showing that they are wholly arbitrary or without any rational basis" (*Cove v Sise*, 71 NY2d 910, 912; *see, Matter of Cherniak v Office of Ct. Admin.*, 269 AD2d 680, 681). Further, we will give controlling weight to an agency's construction and application of its own rules (*see, Matter of Roosevelt Hosp. v New York State Labor Relations Bd.*, 27 NY2d 25, 34) and will not set them aside unless they are irrational (*see, Matter of Cherniak v Office of Ct. Admin., supra* at 681).

In this case, petitioners work "in Family * * * County and Surrogate's Courts in counties with populations less than 400,000," the very requirement set forth in the "Court Attorney" title standard. That they are assigned to multibench judges who also handle matters in other county-level courts does not belie this classification. By contrast, the "Law Clerk to Judge" title standard specifies that, inter alia, employees under that standard work in "County Courts with two (2) or more full-time judges or with one (1) full-time judge and combined annual filings of indictments and Supreme Court civil actions exceeding 650." In applying this standard to deny petitioners' reclassification requests, respondents interpret the term "full-time" to mean judges whose work at the county-level is "exclusively" on matters within the jurisdiction of County Court, thus excluding multibench judges.

Inasmuch as respondents cite differences in the nature of the work corresponding to these judicial duties in classifying legal assistants to multibench judges differently from those assisting judges in performing exclusively County Court work, it cannot be said that respondents acted arbitrarily or without any rational basis (*see, Henry v Milonas*, 91 NY2d 264, 269). This

distinction not only complies with the statutory mandate that nonjudicial employees be classified according to the duties required to be performed (see, Judiciary Law § 39 [8] [a]), but also reflects the recognized distinctions between the duties of a judge who sits solely in County Court and those of a multibench judge (see, Henry v Milonas, supra at 269).

Nor are we persuaded by petitioners' alternate contention that they are entitled to additional per diem income whenever they perform work on Supreme Court matters. As noted in respondents' brief, the "Court Attorney" title standard expressly contemplates the employees' performance of duties for judges who are designated as "Acting Justices of the Supreme Court for one full term or less." In order to receive the higher salary accompanying the "Law Assistant to Acting Justice" title standard, the Court Attorney must be assigned to a judge designated as an Acting Justice of the Supreme Court for more than "one full term" of court. The mere fact that petitioners may on occasion perform duties overlapping those of other title standards does not entitle them to the additional income provided under those titles (see, Matter of Bailey v Governor's Off. of Empl. Relations, 259 AD2d 940, 941; Matter of Gorelick v Governor's Off. of Empl. Relations, 227 AD2d 858, 859).

Mercure, J.P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.