■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, et al., Appellants, v STATE OF NEW YORK UNIFIED COURT SYSTEM et al., Respondents. [865 NYS2d 753]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Lamont, J.), entered September 20, 2006 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents classifying the support magistrate title as a salary grade JG-31.

Following a review of respondent Unified Court System's classification plan for nonjudicial employees, respondent Chief Administrative Judge adopted a new title standard for support magistrates, allocating the position to salary grade JG-31 effective October 2005. Support magistrates are responsible for, among other things, conducting initial formal hearings in support and paternity proceedings (*see* Family Ct Act § 439). The position was previously known as "hearing examiner" and, prior to the adoption of the new title standard, paid a salary determined by the Chief Administrative Judge. Petitioners, individual support magistrates and the labor union representing

them, commenced this proceeding seeking to rescind the allocation to JG-31, and place the support magistrate title in the higher salary grade of JG-33.* Supreme Court concluded that the classification and grading had a rational basis and were not arbitrary and capricious, and dismissed the petition. Petitioners appeal, and we now affirm.

The Chief Administrative Judge has exclusive authority to "adopt classifications" for nonjudicial employees of the Unified Court System "and revise them when appropriate" (22 NYCRR 80.1 [b] [16]), and "to classify and reclassify, and to allocate and reallocate to an appropriate salary grade, all positions in the classified service" of the Unified Court System (22 NYCRR 25.5 [a]). Indeed, "[o]nly the [Chief Administrative Judge] possesses the expertise required to determine how new classifications and salary grades will impact on the budget and structure of the Unified Court System and his [or her] discretionary authority in these matters may not be usurped" (*Matter of Association of Secretaries to Justices of Supreme & Surrogate's Cts. in City of N.Y. v Office of Ct. Admin. of State of N.Y.*, 75 NY2d 460, 476 [1990]; *see Matter of Bellacosa v Classification Review Bd. of Unified Ct. Sys. of State of N.Y.*, 72 NY2d 383, 391 [1988]). Thus, classification determinations "are . . . subject to only limited judicial review, and will not be disturbed in the absence of a showing that they are wholly arbitrary or without any rational basis" (*Cove v Sise*, 71 NY2d 910, 912 [1988]; *see Matter of Association of Secretaries to Justices of Supreme & Surrogate's Cts. in City of N.Y. v Office of Ct. Admin. of State of N.Y.*, 75 NY2d at 476; *Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v State of N.Y. Unified Ct. Sys.*, 35 AD3d 1008, 1009 [2006]; *Matter of Botti v Lippman*, 290 AD2d 923, 924 [2002]).

Here, respondent Administrative Director of the Unified Court System states in an affidavit that the allocation of the support magistrate title to salary grade JG-31 was based upon the Chief Administrative Judge's finding that duties, responsibilities and functions of support magistrates are comparable to those of court attorney-referees, who act as special referees in a number of courts, including Family Court, and are also allocated to grade JG-31. The Administrative Director explained that

---

* We note that upon the allocation of the title to JG-31, each support magistrate began receiving a salary at or greater than their prior salary of $93,487. With experience taken into account, over half of the support magistrates had their salaries increased to $116,689 and, following subsequent raises of the entire salary schedule, many support magistrates now receive higher salaries than Family Court judges.

court attorney-referees, when authorized by a Family Court judge and upon consent of the parties, perform the same quasi-judicial functions that support magistrates do and in the same court—both conduct trials, take evidence and issue orders, including orders of protection. Inasmuch as respondents' determination was based upon the classification standards specified in Judiciary Law § 39 (8) (a), as well as a concern for the impact that a higher classification would have on the state's budget, and is supported by evidence in the record, it cannot be deemed arbitrary or irrational (*see Matter of Bellacosa v Classification Review Bd. of Unified Ct. Sys. of State of N.Y.*, 72 NY2d at 390; *Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v State of N.Y. Unified Ct. Sys.*, 35 AD3d at 1010; *Matter of Botti v Lippman*, 290 AD2d at 924-925; *Matter of Rayner v Sinnot*, 241 AD2d 601, 602 [1997]).

Indeed, petitioners concede that the reasons underlying the determination, as detailed above, are "facially legal." They maintain, however, that respondents' rationale is specious, contending that the two titles are not comparable because a support magistrate is directly empowered by statute to decide certain issues (*see* Family Ct Act § 439 [a]), while a court attorney-referee has no original jurisdiction conferred by statute. Rather, a court attorney-referee must be appointed by a court to hear and report (*see* CPLR 4212) or, with the consent of the parties, hear and determine (CPLR 4317 [a]).

In our view, the difference in the origin of authority to entertain issues does not contradict respondents' conclusion that the duties, responsibilities and functions of the two titles are similar. Once fully authorized to hear and determine an issue (*see* CPLR 4311, 4317), the powers of a court attorney-referee are at least as extensive as those of a support magistrate (*see* CPLR 4301; Family Ct Act § 439 [a]). Moreover, while a court attorney-referee's broad authority to hear and determine or report in a wide range of courts is subject to supervision by a judge, the decisions of a support magistrate are subject to review by a Family Court judge (*see* Family Ct Act § 439 [e]). Finally, we note that there is no evidence in the record to support petitioners' speculative argument that the initially proposed classification of JG-33 was lowered to JG-31 solely due to an improper motive, i.e., to avoid the potentially embarrassing situation—which now exists in any event—of members of the Judiciary receiving lower salaries than support magistrates, who are nonjudicial personnel, working in the same courts (*see Matter of Rayner v Sinnot*, 241 AD2d at 602).

Spain, Carpinello and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.