■ DAVID RUSSELL GEORGIUS, as Trustee of the GEORGIUS FAMILY TRUST, Appellant, VILLAGE OF MORRISVILLE et al., Respondents, and G. DEVINCENTIS & SON CONSTRUCTION COMPANY, INC., Defendant and Third-Party Plaintiff-Respondent. ROBERT SHARP, Doing Business as SHARP MASONRY, Third-Party Defendant-Appellant. ELIZABETH BUENGER HUGHES, Appellant. [920 NYS2d 475]—

Rose, J. Appeal from an order of the Supreme Court (Cerio, Jr., J.), entered December 17, 2009 in Madison County, which, among other things, denied third-party defendant's motion for summary judgment dismissing the third-party complaint.

Plaintiff commenced this action alleging that defendants caused damage to property owned by the Georgius Family Trust during installation of a sewer system. Nonparty appellant Elizabeth Hughes, the wife of plaintiff and cotrustee of the trust, thereafter appeared as plaintiff's counsel. An initial motion by defendant G. DeVincentis & Son Construction Company, Inc. (hereinafter defendant) to disqualify Hughes as counsel for plaintiff, based on her role as a potential witness, was denied without prejudice. When defendant commenced a third-party action against Robert Sharp, the mason hired by plaintiff to perform remedial work on the property, Hughes appeared as Sharp's counsel and Sharp moved for summary judgment dismissing the third-party complaint. Defendant opposed the motion for summary judgment and also sought to disqualify Hughes from representing both plaintiff and Sharp, this time alleging a conflict of interest. In opposition to the motion to disqualify, Hughes argued that any conflict would be resolved if the motion for summary judgment were granted and the third-party action dismissed. Supreme Court denied Sharp's motion but granted defendant's motion to disqualify Hughes. Plaintiff, Sharp and Hughes appeal.

We affirm. The third-party complaint against Sharp sought indemnification or contribution from him on the ground that any damage to the property was caused or exacerbated by his negligence. Sharp's motion for summary judgment claimed that the third-party complaint was defective because it contained a reference to CPLR article 16, which does not pertain to actions seeking economic damages. Despite this concededly inapplicable

reference, we agree with Supreme Court that the third-party complaint states a cognizable claim for contribution or indemnity against Sharp and, as Sharp came forward with no evidence to rebut the allegation that his work on the property negligently caused or exacerbated the alleged damage, his motion for summary judgment was properly denied (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Under these circumstances, we find no abuse of discretion regarding the issue of disqualification. In view of Hughes' concession to Supreme Court that she would not be able to continue to represent Sharp if there was a valid complaint against him, Hughes' argument now that defendant did not have standing to seek disqualification, raised for the first time on appeal, will not be considered (*compare Cunningham v Anderson*, 66 AD3d 1207, 1208-1209 [2009], *lv denied* 14 NY3d 710 [2010]; *but see Manning v Brown*, 232 AD2d 849, 851 [1996], *affd* 91 NY2d 116 [1997]). To the extent that Hughes relies on evidence provided as part of a motion to reargue, it is not properly before us (*see* CPLR 5526; *Randolph v Warnecke*, 1 AD3d 731, 732 [2003]; *Krieger v Krieger*, 192 AD2d 1076, 1076 [1993]).

Peters, J.P., Spain, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, with one bill of costs.