■ In the Matter of CARLOS RODRIGUEZ, Appellant, v CENTRAL OFFICE REVIEW COMMITTEE, Respondent. [60 NYS3d 728]—

Appeal from a judgment of the Supreme Court (Hartman, J.), entered December 19, 2016 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's grievance.

Petitioner, an inmate at Shawangunk Correctional Facility, was removed from his assignment in the prison law library based upon his allegedly disruptive behavior. Petitioner filed a grievance, contending that his removal did not comply with the procedures set forth in the facility's internal operations manual—specifically, that he was not provided with a written counseling form and that no misbehavior report was issued. In

---

response, the correction officer who initiated petitioner's removal indicated that he counseled petitioner verbally and, while petitioner's conduct did not warrant the issuance of a misbehavior report, his behavior was sufficiently disruptive that it could pose "a threat to the safety and security of the area," thus justifying his removal from the program. The Inmate Grievance Review Committee deadlocked, but the facility's superintendent denied the grievance, finding that petitioner "was causing unnecessary conflicts [that] threatened the safety and security of himself and other inmates in the [l]aw [l]ibrary." Respondent upheld the superintendent's determination, noting that petitioner was removed from the law library program "for legitimate security concerns." Petitioner thereafter commenced this CPLR article 78 proceeding to challenge respondent's determination—again citing the alleged noncompliance with the facility's internal guidelines. Following service of respondent's answer, Supreme Court dismissed the petition, prompting this appeal.

We affirm. To the extent that petitioner argues that his removal from the law library program failed to comply with the procedures set forth in Department of Corrections and Community Supervision Directive No. 4803, we note that petitioner did not invoke this particular directive in either his facility grievance or his verified petition. Rather, as noted previously, petitioner relied solely upon the facility's alleged violation of the provisions embodied in its internal operations manual. Accordingly, given that petitioner has raised the alleged violation of Directive No. 4803 for the first time upon appeal, this particular argument is unpreserved for our review (*see Matter of Rosa v Fischer*, 87 AD3d 1252, 1253 [2011], *lv denied* 19 NY3d 802 [2012]; *Matter of Mingo v Annucci*, 49 AD3d 1106, 1107 [2008], *lv denied* 11 NY3d 707 [2008]).

Further, inasmuch as Directive No. 4803 appears to be controlling, we are not persuaded that the alleged violation of certain provisions embodied in the facility's internal operations manual provides a valid, independent basis for petitioner's grievance. Even assuming that a technical violation of the facility's internal policies occurred, we nonetheless find that the denial of petitioner's grievance was rational. We note that petitioner has no right to a particular job assignment (*see Matter of Kairis v Fischer*, 149 AD3d 1427, 1429 [2017]; *Matter of Soto v Central Off. Review Comm. of the Dept. of Corrections & Community Supervision*, 118 AD3d 1229, 1231 [2014]), and in light of the security concerns implicated and the discretion traditionally afforded to facility administrators in terms of

internal security matters (*see Matter of Santana v Annucci*, 149 AD3d 1432, 1433 [2017]), we discern no basis upon which to disturb respondent's determination (*see Matter of Kairis v Fischer*, 149 AD3d at 1428).

McCarthy, J.P., Egan Jr., Rose, Mulvey and Rumsey, JJ., concur. Ordered that the judgment is affirmed, without costs.