Matter of Gonzalez v Annucci (2019 NY Slip Op 02594)





Matter of Gonzalez v Annucci


2019 NY Slip Op 02594


Decided on April 4, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 4, 2019

526637

[*1]In the Matter of JAVON GONZALEZ, Appellant,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: March 15, 2019

Before: Garry, P.J., Egan Jr., Clark, Devine and Rumsey, JJ.


Javon Gonzalez, Wallkill, appellant pro se.
Letitia James, Attorney General, Albany (Julie M. Sheridan of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Ceresia, J.), entered June 24, 2018 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Following an altercation with another inmate, petitioner was charged in a misbehavior report with fighting, engaging in violent conduct and disobeying direct orders. At the conclusion of a tier III disciplinary hearing, petitioner was found guilty of all charges and a penalty was imposed. That determination was affirmed upon petitioner's administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding to challenge respondent's determination. Following joinder of issue, Supreme Court rejected petitioner's procedural challenges [FN1] and dismissed the petition. This appeal ensued.
Petitioner has expressly abandoned his challenge to the designation of the Hearing Officer and, by failing to address such issue in his brief (see e.g. Matter of Sudler v Annucci, 166 AD3d 1351, 1352 n [2018]), has similarly abandoned his argument that the hearing was not completed in a timely fashion. Additionally, petitioner's claim that the Hearing Officer failed to address petitioner's asserted mental health issues was not raised in the verified petition and, as such, is not properly before this Court (see e.g. Matter of Rodriguez v Central Off. Review Comm., 153 AD3d 1545, 1546 [2017]).
As to the balance of petitioner's claims, petitioner argues that he was prejudiced by the lack of a particular endorsement on the misbehavior report, that he was denied the right to [*2]present witnesses and that he was deprived of certain documentary evidence. Although respondent disagrees, we find that the significant gaps in the hearing transcript preclude meaningful appellate review of these issues (see Matter of Thompson v Annucci, 162 AD3d 1365, 1366 [2018]; Matter of Caldwell v Annucci, 140 AD3d 1248, 1248-1249 [2016]; Matter of Nance v Annucci, 132 AD3d 1198, 1198 [2015]). Additionally, given that petitioner already has served his period of confinement in the special housing unit and more than two years has elapsed since the incident, "the equitable remedy of annulment and expungement of the . . . disciplinary determination is warranted" (Matter of Vidal v Annucci, 149 AD3d 1366, 1368-1369 [2017], lv denied 30 NY3d 906 [2017]).
Garry, P.J., Egan Jr., Clark, Devine and Rumsey, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition seeking to annul respondent's determination; petition granted to that extent, said determination annulled and respondent is directed to expunge all references to this matter from petitioner's institutional record; and, as so modified, affirmed.



Footnotes

Footnote 1: Petitioner did not raise a substantial evidence claim or otherwise substantively challenge the determination of guilt.