Matter of Spence v New York State Dept. of Civ. Serv. (2021 NY Slip Op 04396)





Matter of Spence v New York State Dept. of Civ. Serv.


2021 NY Slip Op 04396


Decided on July 15, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 15, 2021

530998
[*1]In the Matter of Wayne Spence, as President of the Public Employees Federation, AFL-CIO, Appellant,
v
New York State Department of Civil Service et al., Respondents.

Calendar Date:June 3, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Renee L. Delgado, New York State Public Employees Federation, AFL-CIO, Albany (Kimberly A. Livingstone of counsel), for appellant.
Letitia James, Attorney General, Albany (Victor Paladino of counsel), for respondents.



Egan Jr., J.
Appeal from a judgment of the Supreme Court (Weinstein, J.), entered February 6, 2020 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Civil Service Commission reclassifying certain civil service job titles.
In 2011, the state merged the Banking Department and the Insurance Department into respondent Department of Financial Services (hereinafter DFS) (see L 2011, ch 62, § 1, part A). As a result of this merger, DFS commenced a title modernization initiative intended to, among other things, restructure and consolidate certain obsolete job titles, including, as relevant here, replacing the titles of Bank Examiner 1 (salary grade 20) and Insurance Examiner 1 (salary grade 18) with a newly created entry-level title, Financial Services Examiner 1 (salary grade 18). Petitioner, as the president of the New York State Public Employees Federation, AFL-CIO (hereinafter PEF),[FN1] sent a letter to respondent Division of Classification and Compensation (hereinafter DCC) of respondent Department of Civil Service objecting to the title restructuring, alleging, among other things, that the salary grade for the Bank Examiner 1 title was improperly reallocated from a salary grade 20 to a salary grade 18.[FN2] Respondent Abner Jean-Pierre, as Director of DCC (hereinafter Director), denied petitioner's request for reconsideration. Petitioner administratively appealed to the Civil Service Commission (hereinafter the Commission), raising the same issue regarding the "downgrade" of the Bank Examiner 1 salary grade and, upon review, the Commission confirmed DCC's determination.
Petitioner thereafter commenced this CPLR article 78 proceeding contending, among other things, that the Commission's determination was arbitrary and capricious because it deviated from the Commission's precedent with respect to the classification of Bank Examiner 1 as a salary grade 20 without sufficient explanation and was contrary to law as it violated NY Constitution, article V, § 6, Financial Services Law § 205 and Civil Service Law §§ 118, 120 (1) and 130. Following joinder of issue and oral argument, Supreme Court affirmed the Commission's determination and dismissed the petition.[FN3] Petitioner appeals, and we affirm.
Initially, we find unpreserved for appellate review petitioner's contentions that the title reclassification violated NY Constitution, article V, § 6, Financial Services Law § 205 and Civil Service Law §§ 118, 120 and 130, as petitioner did not raise them as part of the administrative appeal (see Matter of Peckham v Calogero, 12 NY3d 424, 430 [2009]; Matter of Bais Sarah Sch. for Girls v New York State Educ. Dept., 99 AD3d 1148, 1151 [2012], lv denied 20 NY3d 857 [2013]). Accordingly, the sole issue preserved for our review is whether the determination allocating a salary grade 18 to the newly created Financial Services Examiner 1 title had a rational basis. We find that it did.
Pursuant [*2]to Civil Service Law § 118, the Director has the authority "to classify and reclassify all positions in the classified civil service of the [s]tate and to make such revisions in the classification and compensation of positions as changes in the [s]tate service may require" (Cohen v New York State Civ. Serv. Commn., 90 AD2d 884, 885 [1982]). Judicial review of administrative determinations with respect to classification is limited and, unless the determinations are shown to be wholly arbitrary and capricious or without a rational basis, they will not be disturbed "even if there are legitimate grounds for a difference of opinion" (Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v State of N.Y. Unified Ct. Sys., 35 AD3d 1008, 1009 [2006]; see Matter of Criscolo v Vagianelis, 12 NY3d 92, 97 [2009]; Matter of Lavere v Boone, 130 AD3d 1357, 1359 [2015], lv denied 26 NY3d 911 [2015]).
Here, in allocating a salary grade 18 to the Financial Services Examiner 1 title, the Director specifically indicated that his statutory duty and goal was "to place similar positions in the same title with the same minimum qualifications at the same allocation" in an effort "to maintain internal equity among titles across agencies." The Director compared the job duties and minimum qualifications of the Financial Services Examiner 1 title and found them to be consistent with other similarly situated financial, accounting and auditing titles within state service. In affirming this determination, the Commission similarly reviewed the minimum qualifications for the Financial Services Examiner 1 title and compared it to both salary grade 18 and salary grade 20 positions across other similar state titles. Upon review, the Commission concluded that the minimum qualifications for the Financial Services Examiner 1 title more closely aligned with a salary grade 18,[FN4] as opposed to a salary grade 20, which generally requires, among other things, licensure or certification in addition to certain collegiate/graduate courses and/or a level of supervisory authority that is not applicable to the Financial Services Examiner 1 title. Although certain factors may have existed that weighed in favor of allocating the Financial Services Examiner 1 title as a salary grade 20, based on the foregoing, the Commission's determination is nevertheless supported by the administrative record and, upon review, we do not find it to be arbitrary and capricious or irrational (see Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v State of N.Y. Unified Ct. Sys., 55 AD3d 1070, 1072 [2008]; Matter of New York State Inspection, Sec. & Law Enforcement Empls., Dist. Counsel 82, AFL-CIO v New York State Civ. Serv. Commn., 213 AD2d 826, 827 [1995]). Accordingly, we find no basis to disturb Supreme Court's judgment.
Garry, P.J., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: On April 20, 2017, PEF members in the Bank Examiner 1 and Insurance Examiner 1 titles were notified that their official civil service titles had been changed. All incumbents that held the titles of Bank Examiner 1 and Insurance Examiner 1 were reappointed to the title of Financial Services Examiner 1; however, upon reclassification, they were granted salary protection such that they did not suffer any diminution in salary or benefits and retained the same civil service promotion and transfer opportunities that they held under their previous titles.

Footnote 2: Petitioner also contended that the title restructuring was improperly implemented based upon a lack of advance notice to PEF members. However, petitioner did not raise this argument before Supreme Court or on the present appeal.

Footnote 3: DFS and respondent Linda A. Lacewell, the Superintendent of DFS, separately moved to dismiss the petition against them given that the petition sought relief solely from DCC and the Commission. Based on its holding, Supreme Court denied, as moot, the motion to dismiss.

Footnote 4: A salary grade 18 requires, among other things, a Bachelor's degree in a specifically defined area or a Bachelor's degree in any area plus 24 credit hours in a specifically defined area.