Boushie v Latt (2022 NY Slip Op 01495)





Boushie v Latt


2022 NY Slip Op 01495


Decided on March 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 10, 2022

533185
[*1]R. Scott Boushie, Doing Business as Boushie & Assoc., Respondent,
v
Judi A. Latt, Doing Business as Judi's Computer Support & Learning Ctr., Appellant.

Calendar Date:January 5, 2022

Before:Egan Jr., J.P., Lynch, Pritzker and Reynolds Fitzgerald, JJ.

Legal Aid Society of New York, Inc., Albany (Anthony Mohen of counsel), for appellant.
Stephen L. Buzzell, Lake Clear, for respondent.



Egan Jr., J.P.
Appeal from an order of the Supreme Court (Bruening, J.), entered October 14, 2020 in Essex County, which denied defendant's motion to, among other things, vacate a default judgment.
In 2013, defendant engaged plaintiff to prepare a 2012 tax return and provide other tax and accounting services. Following a prolonged dispute over the quality of those services and the fees charged for them, plaintiff commenced this breach of contract action in January 2018. Defendant attempted to appear in February 2018 by filing an answer with the Essex County Clerk, but she failed to serve that answer upon plaintiff as required (see CPLR 320 [a]). In May 2018, plaintiff obtained a default judgment against defendant in the amount of $12,409.50. Defendant wrote to plaintiff and the Essex County Clerk twice in the ensuing month, objecting to the default judgment upon the ground that she had attempted to appear. She did not, however, move to vacate the default judgment.
In December 2019, defendant learned that the pending sale of her residence could not go forward until the lien arising from the default judgment was addressed. The parties thereafter negotiated an agreement — negotiations that, it appears, were conducted by counsel on defendant's behalf — under which plaintiff would release the lien and enter a satisfaction of judgment in return for a reduced payment from defendant of $7,101. On January 10, 2020, defendant made that payment and plaintiff executed a satisfaction of judgment. Three days later, defendant filed a request for judicial intervention complaining that the judgment had been entered in error. Defendant was advised in February 2020 by court officials that she would either need to obtain plaintiff's consent to vacate the default judgment or move on notice for that relief. In July 2020, defendant finally moved to, among other things, vacate the default judgment. Plaintiff responded by filing the satisfaction of judgment and then serving papers opposing the motion. Supreme Court denied defendant's motion upon the ground that the default judgment could not be vacated because it became a nullity when it was satisfied, prompting this appeal.[FN1]
We affirm. Assuming without deciding that Supreme Court erred in concluding that it could not vacate a satisfied judgment, we reject defendant's contention that the default judgment should be vacated in the interest of justice. In deciding whether to exercise its discretionary power to vacate a judgment, a "court should 'consider the facts of the particular case, the equities affecting each party and others affected by the judgment or order, and the grounds for the requested relief'" (Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220, 226 [2013], quoting 10 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.03; accord Reverse Mtge. Solutions, Inc. v Lawrence, 200 AD3d 1146, 1148 [2021]). Defendant waited over two years after learning of the default judgment's existence to move to vacate it and, during that [*2]prolonged delay, she negotiated an agreement to resolve the matter by paying plaintiff a reduced sum in return for a satisfaction of judgment. In view of defendant's delay in seeking vacatur, and the fact that granting it would prejudice plaintiff by allowing defendant to escape a settlement agreement absent reason to believe that "cause sufficient to invalidate [the agreement], such as fraud, collusion, mistake or accident" exists (Hallock v State of New York, 64 NY2d 224, 230 [1984]), vacatur is not warranted (compare Broadway Famous Party Rental v Cipriani 5th Ave., 289 AD2d 45, 45-46 [2001], with Ahmad v Aniolowiski, 28 AD3d 692, 693 [2006]). Defendant's remaining contentions, to the extent that they are properly before us, have been considered and rejected.
Lynch, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Supreme Court subsequently denied defendant's motion to reargue, and she neither attempted nor was entitled to take an appeal from that order (see GMAT Legal Tit. Trust 2014-1 v Wood, 173 AD3d 1533, 1534 [2019]). Accordingly, "to the extent that the record on appeal incorporates papers from [that] motion to reargue, we have not considered same as they are not properly before us" (Randolph v Warnecke, 1 AD3d 731, 732 [2003]; see Georgius v Village of Morrisville, 83 AD3d 1158, 1159 [2011]).