Matter of John E. Andrus Mem., Inc. v Commissioner of Health of the N.Y. State Dept. of Health (2024 NY Slip Op 01220)

Matter of John E. Andrus Mem., Inc. v Commissioner of Health of the N.Y. State Dept. of Health

2024 NY Slip Op 01220

Decided on March 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 7, 2024

CV-22-2041
[*1]In the Matter of John E. Andrus Memorial, Inc., Doing Business as Andrus on Hudson, Appellant,
v
Commissioner of Health of the New York State Department of Health, Respondent.

Calendar Date:January 9, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Mackey, JJ.

Bond, Schoeneck & King, PLLC, Albany (Raul A. Tabora Jr. of counsel), for appellant.
Letitia James, Attorney General, Albany (Brian Lusignan of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the Supreme Court (Justin O. Corcoran, J.), entered September 30, 2022 in Albany County, which, among other things, dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of the Department of Health issuing a statement of deficiencies against petitioner.
Petitioner is a not-for-profit corporation that owns and operates a residential health care facility located in Westchester County, which is licensed by the Department of Health (hereinafter DOH). The facility is certified under both the Medicare and Medicaid programs. On August 13, 2020, the daughter of one of the residents of the facility sent a letter to petitioner requesting that copies of the resident's medical records be sent to a law firm for purposes of litigation, under her authority as power of attorney and alleged health care proxy designation. According to petitioner's records, the daughter was designated as the resident's power of attorney, while the resident's other child was designated as the health care proxy. In October 2020, after petitioner failed to send the requested documents,[FN1] the daughter submitted a complaint to DOH alleging that petitioner had failed to timely produce copies of the resident's medical records. DOH conducted an abbreviated complaint survey of petitioner's facility which included a site visit, interview with petitioner's medical records coordinator and review of petitioner's "Medical Record, Release Information" policy. Pursuant to this policy, copies of a resident's records were to be provided to requestors within 10 business days of a request, as opposed to the federally-required response time of two business days (see 42 CFR 483.10 [g] [2] [ii]).
Subsequently, DOH issued a statement of deficiencies (hereinafter SOD)[FN2] finding that petitioner violated 42 CFR 483.10 (g) (2) (ii). DOH specifically found petitioner's 10-day policy was a "deficient practice [that] has the potential to affect all residents and[/]or their representatives within the facility." It also issued a deficiency rating "F" clarifying that, although the deficiency had not caused actual harm, the policy had the potential to cause "more than minimal harm."[FN3] Thereafter, petitioner submitted an informal dispute resolution request to DOH arguing that it properly withheld records from the daughter because, as power of attorney, she was not entitled to the requested documents for the purposes of litigation. In response to this request, DOH declined to remove the deficiency entirely, but did reduce the severity level from "F" to "D." Ultimately, after petitioner, among other things, revised its records-release policy to require the release of medical records within two business days, DOH determined that petitioner was in "substantial compliance" with the applicable federal and state laws.
Thereafter, petitioner commenced this hybrid declaratory judgment action and CPLR article [*2]78 proceeding alleging, among other things, that because the daughter was not the health care proxy for the resident, she had no right to the requested records and thus the resident's rights had not been violated. Petitioner also alleged that the SOD was arbitrary and capricious and sought a declaration that it was "null and void." Respondent answered and moved to dismiss the petition as untimely. Supreme Court denied respondent's motion and, on the merits, denied petitioner the relief requested, dismissed the petition and issued a declaration in respondent's favor. Petitioner appeals.
Petitioner contends that DOH's survey and SOD lack a rational basis and are arbitrary and capricious. This argument is premised primarily on petitioner's assertion that the daughter was not authorized to receive the resident's medical records as she was not the health care proxy. While this may be true, it does not render DOH's survey and SOD irrational. "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts. When a determination is supported by a rational basis, it must be sustained even if the reviewing court would have reached a different result" (Matter of Evercare Choice, Inc. v Zucker, 218 AD3d 882, 885 [3d Dept 2023] [internal quotation marks and citations omitted]; accord Matter of C.K. v Tahoe, 211 AD3d 1, 11 [3d Dept 2022]). "If a determination is rational it must be sustained even if the court concludes that another result would also have been rational" (Matter of Adirondack Wild: Friends of the Forest Preserve v New York State Adirondack Park Agency, 34 NY3d 184, 195 [2019] [internal quotation marks and citations omitted]; see Matter of North Shore Ambulance & Oxygen Serv. Inc. v New York State Emergency Med. Servs. Council, 200 AD3d 1527, 1530 [3d Dept 2021]). As is relevant here, "DOH is charged with the responsibility of administering the state Medicaid program and, thus, has inherent authority to protect the quality and value of services rendered" (Matter of Dry Harbor Nursing Home v Zucker, 175 AD3d 770, 773-774 [3d Dept 2019] [internal quotation marks and citations omitted], lv dismissed & denied 35 NY2d 984 [2020]; see Social Services Law § 363-a; Public Health Law § 201 [1] [v]). Within this delegated authority, DOH has a duty to inspect certified nursing facilities to ensure compliance with participation requirements as prescribed by state and federal regulations (see 10 NYCRR 415.1 [b];42 CFR 482.11, 488.301).
There does not appear to be a dispute that DOH properly initiated the investigation after receiving the complaint from the daughter. While the complaint was the impetus for the investigation, the record demonstrates that DOH issued the rating because its investigation revealed petitioner's noncompliant records-release policy. Specifically, petitioner's policy allowed 10 days to respond to records requests, which was in contravention of the 2-day requirement of 42 CFR 483.10 (g) (2[*3]) (ii). As such, it is of no moment that the daughter may not have been authorized to receive the records as the policy itself did not comply with the relevant regulation. As a result of the survey, respondent gave petitioner an "F" rating because the 10-day records-release policy had the "more than minimal" potential to harm other residents. During the internal dispute resolution process this rating was reduced to a "D." Similar to an "F" rating, a "D" is a class level 2 due to the "widespread potential for more than minimal harm that is not immediate jeopardy, with no actual harm." As a result of the "D" rating, a "Plan of Correction" was put in place which required petitioner, among other things, to ensure that there were not any other residents who had been affected by the deficient practice by revising records-release requests from a certain date to ensure that all records had been released. DOH properly reviewed and assessed the deficiency determination based on petitioner's failure to comply with federal regulations and the rating was rationally based on the agency's discretion to review for potential harm to the facility's residents (see generally Matter of Evercare Choice, Inc. v Zucker, 218 AD3d at 886-887; Matter of Concourse Rehabilitation & Nursing Ctr., Inc. v Zucker, 217 AD3d 1189, 1192 [3d Dept 2023]). As such, Supreme Court did not err in finding that, although DOH could have reached a different result as to the deficiency rating, its "determination has a sound basis in reason and is supported by the record" and, thus, is not arbitrary and capricious.
Supreme Court also properly determined that petitioner's contention that a federal waiver issued in response to the COVID-19 pandemic extending nursing facilities' required deadlines to respond to document requests was the basis for its extended 10-day policy was unpreserved because it was not raised at any point during the administrative process. "[I]t is well settled that an argument may not be raised for the first time before the courts in [a CPLR] article 78 proceeding" (Matter of Peckham v Calogero, 12 NY3d 424, 430 [2009] [internal quotation marks and citation omitted]; see Matter of Spence v New York State Dept. of Civ. Serv., 196 AD3d 934, 936 [3d Dept 2021]). We have reviewed petitioner's remaining contentions and find them to be without merit.
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and Mackey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: Petitioner eventually provided the requested records in January 2021, during the discovery period in a separate action.

Footnote 2: An SOD is a report prepared by DOH, or another administrative agency, that sets forth the participation requirements the facility has not met and a rating as to the severity of the deficiencies (see 42 CFR 488.11; 488.325 [a]-[f]).

Footnote 3: The severity of a deficiency is rated using letters ranging from "A" for the least serious to "L" for the most.